# William L. Brown, Plff. in Err., *v.* City of Philadelphia, To Use of H. and L. Horter.

In an action to recover from a property owner a tax for his share of the cost of macadamizing a street,—*Held*, that where defendant told his son that if any petition was presented for macadamizing the street to sign it, and his son afterwards told him that he had signed such a paper, and defendant had seen plaintiff performing the work and did not disavow his son's act, he was estopped from setting up want of authority in his son to sign the contract for paving.

(Decided October 4, 1886.)

Error to the Common Pleas, No. 4, of Philadelphia County to review a judgment on a verdict for plaintiff in an action of sci. fa. sur municipal claim for paving.   Affirmed.

This case was tried and argued in the court below with the case of Pepper v. Philadelphia, 114 Pa. 96, 5 Cent. Rep. 693, 6 Atl. 899.   The facts and rulings in the two cases are the same excepting that the contract with Frederick was signed by Brown's son for Brown.   Brown testified that he told his son that if any petition was presented for macadamizing the street to sign it, and that his son afterwards told him that he had signed such a paper.

The court charged the jury that the action of the son was binding on Brown, if he did not immediately disavow it, and that as Brown, with full knowledge of the fact, had seen the use plaintiffs performing the work and had not disavowed the act, he was estopped from setting up want of authority in his son to sign the contract for paving.

*Alex. Simpson, Jr.,* for plaintiff in error.

*David W. Sellers* for defendants in error.

OPINION BY MR. JUSTICE TRUNKEY:
This case was tried in the court below and argued here, with

Pepper v. Philadelphia, 114 Pa. 96, 5 Cent. Rep. 693, 6 Atl. 899. The only difference requiring note is that Brown's son signed the writing with Frederick, for his father. It is not pretended that the signing of the name of William Brown was a forgery. As to extent of authority, and ratification of the signing by the son, nothing need be said in support of the rulings of the learned judge of the common pleas.

For the reasons stated in Pepper v. Philadelphia,—

Judgment affirmed.