Harr, Secretary of Banking et al., Appellants, *v.*
Bernheimer et al.

Argued April 23, 1936. Before Kephart, C. J.,
Schaffer, Maxey, Drew, Linn, Stern and Barnes, JJ.

*Sylvan H. Hirsch,* Special Deputy Attorney General, with him *Herbert P. Sundheim,* Special Deputy Attorney General, *Martin R. Freedman* and *Charles J. Margiotti,* Attorney General, for appellants.

*Oscar B. Friedman,* with him *Joseph H. Sundheim,* for appellees.

OPINION BY MR. JUSTICE BARNES, June 26, 1936:

This is an appeal from the action of the court below in striking off a judgment entered by confession upon a nonnegotiable promissory note for $4,000 payable upon demand to the order of the Handel and Haydn Building and Loan Association. This association was merged with and succeeded by the Mortgage Building and Loan Association, whose business and property are now in the possession of the secretary of banking, as receiver. The note in question purports to be signed by four individuals, Leo G. Bernheimer, Joseph H. Sundheim, Morris Hirsch and Nathan Berg, in the order named. To the right of the last two signatures on the note appears the words "per B."

A petition was filed by Joseph H. Sundheim, Morris Hirsch and Nathan Berg to strike off the judgment against them, upon which a rule to show cause was granted. A responsive answer was filed thereto on behalf of the secretary of banking, as receiver. No depositions were taken by the petitioners and the rule was heard upon petition and answer.

It is alleged by the petitioners that the note in question was not signed by them but their signatures were written thereon by some other person without their au-

thority. Further, they say that they received no consideration whatsoever for the note. The answer denies these averments of the petition, and specifically avers that the note was signed in person by all of the parties named, with the exception of Nathan Berg, whose name was signed thereto by another person, with his full authority, knowledge and consent.

The court below made absolute the rule to strike the judgment from the record as to the petitioners, upon the ground that it does not appear from the face of the instrument, or elsewhere of record, that there was any authority to sign the note for all or any of the petitioners, whose names are subscribed as the makers thereof.

We must accept as true the averments of the answer, inasmuch as no depositions were taken by the petitioners in the court below. The answer responsively denies the allegations of the petition, particularly with respect to the signatures to the note. The rule is clearly established that when a matter is heard on petition and answer without proofs, the moving party must accept as verity the averments in the pleading of his adversary, which are well pleaded and pertinent to a consideration of the point to be determined at the particular hearing: *Sherwood Bros., Inc., v. Yellow Cab Co.,* 283 Pa. 488; *Marchand v. Marsh,* 280 Pa. 292; *Di Trolio v. Parisi,* 317 Pa. 507. Our examination of the pleadings here convinces us that the answer, by well pleaded and relevant averments, meets the allegations of the petition, and therefore must be taken as true in accordance with the rule.

The answer in substance sets forth that the note was delivered to the Handel and Haydn Building and Loan Association, in consideration of a stock loan of $4,000 with security as the note indicates, consisting of 75 shares of the 51st series of the Handel and Haydn Association. It further avers that the proceeds of this loan, plus $11,000 in cash, were applied in payment and satisfaction of a $15,000 mortgage held by the association on

premises 5708 Germantown Avenue, Philadelphia, title to the premises being in the names of Joseph H. Sundheim, Morris Hirsch, Leo G. Bernheimer and Cecelia Berg, wife of Nathan Berg.

The case in the court below turned upon the question whether the fact that the authority of the agent does not appear upon the note, or elsewhere of record, is an irregularity on its face, which would warrant the striking off of the judgment. It is elementary that the signature of a person may be made to a note or other instrument by a duly authorized agent. The Negotiable Instruments Law expressly so provides with respect to instruments of that character.* The theory of the petitioners, which was adopted by the court below, is that the note is irregular unless, at the time the judgment is entered, the agent's authority affirmatively appears thereon or elsewhere of record. Plaintiffs contend the note is regular upon its face, and that if the petitioners are entitled to any relief with respect to the matters alleged by them, it can be granted only upon a petition to open the judgment, as the fact of the agent's authority, or the absence thereof, must be established by extrinsic evidence.

It is well settled that a judgment will be stricken off only for irregularities appearing on the face of the record: *Wilson v. Vincent,* 300 Pa. 321; *Lawrence v. Smith,* 215 Pa. 534; *O'Hara v. Baum,* 82 Pa. 416. Relief from a judgment regularly entered must be upon a motion or petition to open it, as it is an appeal to the equitable powers of the court to let the defendant into a defense: *Spiese v. Shee,* 250 Pa. 399, and authorities cited therein. This distinction between a petition to

---

* The Negotiable Instruments Law (Act of May 16, 1901, P. L. 194, section 19), provides:

"The signature of any party may be made by a duly authorized agent. No particular form of appointment is necessary for this purpose, and the authority of the agent may be established as in other cases of agency."

strike off and a petition to open a judgment has long been recognized.

The Act of February 24, 1806, P. L. 334, makes it the duty of the prothonotary "to enter judgment against the person or persons who executed" the note, bond, or other written instrument. Where a person appoints an agent to execute a note for him, the act of the agent in signing the instrument is considered in law the act of the principal, and has the same effect as if the principal himself had signed it. Therefore it is the prothonotary's duty under the act mentioned to enter judgment against the persons who appear to have executed the note, whether the signatures are in person or by agent. See *Miller v. Royal Flint Glass Works*, 172 Pa. 70. Whether the signature of the maker is valid, or whether the agent had authority are matters which cannot be determined from an inspection of the instrument. Relief with respect to such defects in the instrument can be obtained only through the medium of a motion to open the judgment.

The usual practice in cases where the validity of a judgment by confession is challenged on the ground of forgery has been to file a petition to open it, and this is obviously proper. See *Mielcuszny v. Rosol*, 317 Pa. 91; *Austen v. Marzolf*, 294 Pa. 226; *Levy v. Gilligan*, 244 Pa. 272; *Kaier Co. v. O'Brien*, 202 Pa. 153. The same procedure applies where the instrument is executed by an agent, and his authority is attacked. In both cases the introduction of evidence dehors the instrument is essential to a determination of the question raised.

The order of the court below is reversed, and it is ordered that the rule to show cause granted upon the petition to strike off the judgment be and the same is hereby discharged. Costs to be paid by appellees.