## McConnell, Appellant, v. Bowden.

Argued March 20, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and JONES, JJ.

*Myron E. Rowley,* with him *Rowley & Smith,* for appellant.

*Frank E. Reed,* for appellee.

OPINION BY MR. JUSTICE LINN, April 9, 1945:

The plaintiff appeals from an order striking off a judgment. The plaintiff and the defendant executed an agreement dated October 10, 1939, for the sale by the plaintiff to the defendant of certain land described in the agreement, the consideration to be paid in installments with interest etc. It contained a provision that until the delivery of the deed the plaintiff should receive ". . . all royalty payments from the Laughner Oil & Gas Company which she is now receiving." It was also agreed that the plaintiff ". . . shall be entitled to occupy one and one-half (1½) acres of that part of the farm known as the field on the Pinchot Road, whereon she shall be permitted to erect her home and occupy it for and during the balance of her natural life. At the death of the party of the first part, the land shall then revert to the party of the second part and become his in fee simple."

It appears that when the agreement was signed the defendant was already in possession. Disputes arose between the parties and defendant withheld payment of installments. The plaintiff then entered an amicable action and confessed judgment against the defendant in ejectment pursuant to a provision in the contract of sale authorizing that procedure. A writ of habere facias possessionem issued. Defendant then filed a petition stat-

ing facts which he was advised justified his conduct and averring that plaintiff was not entitled to judgment. He prayed for alternative relief, first, for a rule to show cause why the judgment in ejectment should not be stricken off and the writ quashed, and, second, ". . . if the Court is of the opinion that the record does not warrant this, he prays for a rule on Jennie Z. McConnell to show cause why said judgment should not open" with leave to defend. Depositions were taken and after argument the court ordered ". . . that upon defendant's paying to the plaintiff, within sixty days from the date hereof, all monies due or to become due on said contract, in full payment of debt and interest, and also pay the costs of this proceeding, the judgment shall be and is hereby [sic] stricken from the record, otherwise the same to be and remain in full force and virtue." On January 16, 1945, the parties filed a stipulation that defendant tendered ". . . in full payment of the debt, interest and costs of this proceeding to the plaintiff in the total sum of Two Thousand six hundred twenty-one and 83/100 Dollars and that plaintiff did refuse to accept the same and did refuse to deliver a good and sufficient deed in fee simple for the premises involved in this proceeding to said defendant."

The court then struck off the judgment. The parties concede that there is no irregularity on the face of the record. The learned court was therefore in error in striking it off: *Harr v. Bernheimer*, 322 Pa. 412, 415, 185 A. 857, and cases cited.

What both sides desire is equitable relief from the effect of the contract so loosely drawn as inadequately to provide for contingencies which have arisen and which might readily have been provided for in the contract. Equitable relief in such circumstances is worked out through the practice of opening the judgment.

The order appealed from is reversed; the rule to open the judgment with leave to defend is reinstated and the record is remitted for further proceedings, costs to abide the event.