## Lebowitz v. Keystate Insurance Agency, Inc., Appellant.

Argued March 26, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*William J. MacDermott*, with him *Max R. Millman*, and *David Cohen*, for appellant.

*Joseph L. McGlynn, Jr.*, with him *Blank, Rudenko, Klaus and Rome*, for appellee.

OPINION BY WATKINS, J., June 13, 1962:

This is an appeal from the order of the County Court of Philadelphia discharging a rule to strike off a judgment entered by confession on eight notes in an aggregate amount of $2864.83, in favor of Leonard Lebowitz, the appellee and against Keystate Insurance Agency, Inc., the appellant.

The reasons alleged in the petition to strike off the judgment set forth the absence of a corporate seal and

the absence of any signatures except that of "Harry Ostroff, Sec." and "Harry Ostroff"; and "that the execution of the aforesaid notes shows such absence of authority to confess judgment on behalf of the petitioner corporation as makes the judgment invalid".

Seven of the notes were executed as follows:

"Witness —————— hand and seal,
Keystate Ins. Agcy., Inc.    (Seal)
Harry Ostroff, Sec.          (Seal)"

The eighth note was executed as follows:

"Witness —————— hand and seal,
Keystate Ins. Agcy., Inc.    (Seal)
Harry Ostroff                (Seal)"

No other signatures appeared on the notes and a corporate seal as such was not attached, although the written names are followed by the word (SEAL). Following the refusal to strike, the defendant-appellant filed its petition to open the judgment. This matter is pending.

The motion to strike is a common law proceeding raising questions of irregularities or insufficiencies apparent on the face of the record, while an application to open a judgment is an equitable proceeding governed by equitable principles and the proper remedy to decide the question here that turns on the authority of the agent to act for the corporation. 20 P.L.E. Judgment, §202, page 320.

We agree with the court below that under the present status of this record it is impossible to find that the (Seal) is not the seal of the corporation adopted by it for the purpose of these notes. *Collins v. Tracy Grill & Bar Corp.*, 144 Pa. Superior Ct. 440, 19 A. 2d 617 (1941). In this case we said at page 446, "We are of the opinion that the court in this instance was bound to recognize the note as a sealed instrument leaving the question whether the seal was adopted for the occasion by the corporation, to be determined as one of fact in

a proceeding opening the judgment where that defense properly may be asserted."

The Uniform Commercial Code, 1953, Art. 6, P. L. 3, §3-403, 12A PS §3-403, permits an agent or other authorized representative to sign commercial paper. The definition of representative in the Commercial Code includes an officer of a corporation. §1-201.

The appellant contends that the rule to strike should have been granted by virtue of the Business Corporation Act of 1933, May 5, P. L. 364, Art. III, §305, 15 PS §2852-305, which provides that an instrument is properly signed on behalf of a corporation "when signed by the president or vice president and secretary or assistant secretary or treasurer or assistant treasurer of such corporation, shall be held to have been properly executed for and in behalf of the corporation." The court below disposed of this argument, as follows: "But what defendant overlooks is that the Act does not say that instruments signed otherwise are not obligations of the corporation. The point: they may be, and they may not be, dependent on the question of authority; and that question is a factual one. On this motion to strike we have no testimony on which to determine the matter. It is for that reason, inter alia, that our order included 'without prejudice to defendant's right to move to open the judgment'."

The contention that in the case of the one note signed "Harry Ostroff (Seal)", it must be stricken because the signer was not identified as an officer of the corporation, was not raised below and should not be considered here. *Com. v. Taylor,* 193 Pa. Superior Ct. 386, 165 A. 2d 134 (1960). However, each of the seven other notes were signed "Harry Ostroff, Sec. (Seal)", clearly identifying his position with the corporation. The title of an agent who signs an instrument on behalf of a corporation is not an essential ingredient so long as his power to bind the corporation is not denied but

again the authority to execute can only be decided by extraneous testimony in a petition to open. "Where a person appoints an agent to execute a note for him, the act of the agent in signing the instrument is considered in law the act of the principal, and has the same effect as if the principal himself had signed it. Therefore it is the prothonotary's duty under the act mentioned to enter judgment against the persons who appear to have executed the note, whether the signatures are in person or by agent. See Miller v. Royal Flint Glass Works, 172 Pa. 70. Whether the signature of the maker is valid, or whether the agent had authority are matters which cannot be determined from an inspection of the instrument. Relief with respect to such defects in the instrument can be obtained only through the medium of a motion to open the judgment." *Harr v. Bernheimer,* 322 Pa. 412, 416, 185 A. 857 (1936).

Order affirmed.