## Prestressed Structures, Inc., Appellant, *v.* Bargain City, U.S.A.

Argued November 26, 1963. Before Bell, C. J., Musmanno, Jones, Cohen, O'Brien and Roberts, JJ.

*Tom P. Monteverde,* with him *Bernard G. Segal,* and *Schnader, Harrison, Segal & Lewis,* for appellant.

*Thomas D. McBride,* with him *Howard Gittis,* and *Wolf, Block, Schorr and Solis-Cohen,* for appellee.

*Jack B. Justice, Carl W. Funk,* and *Drinker, Biddle & Reath,* for amicus curiae.

Opinion by Mr. Justice Roberts, January 7, 1964:

On February 28, 1962, Prestressed Structures, Inc. caused an attorney to confess judgment against Bargain City, U.S.A., Inc., on a note for $397,425.91, less a sum paid on account, plus interest and attorney's fees. On May 1, 1962, the Court of Common Pleas No. 3 of Philadelphia County granted a motion to strike

the judgment as being void on its face. This appeal followed.

The note is dated June 1, 1961, payable one day after date, and is executed as follows:

"BARGAIN CITY, U. S. A., Inc.    (L.S.)

(s) Wm. H. Sylk    (L.S.)

William H. Sylk, President"

This appeal presents two questions: First, is the note void on its face because there is no corporate seal, as such, affixed to it? Second, is the note void on its face because it was not executed by two officers of the corporation? We are of the opinion that both questions must be answered in the negative, and that, therefore, the only procedure for attacking the validity of the note is by way of petition to open judgment. Cf. *DeRose v. Lombardi*, 413 Pa. 258, 196 A. 2d 336 (1964).

The instrument in question bears a seal by virtue of the common form appearing on the printed judgment note. From the record before us, we cannot determine whether or not the corporation adopted this form of seal for the purpose of the note. Certainly, a corporation may adopt a common form of seal in executing any particular instrument, regardless of the fact that it has its own peculiar or unique seal which it might use for general business transactions. *Lebowitz v. Keystate Insurance Agency, Inc.*, 198 Pa. Superior Ct. 495, 182 A. 2d 289 (1962); *Collins v. Tracy Grill & Bar Corp.*, 144 Pa. Superior Ct. 440, 19 A. 2d 617 (1941). As the Superior Court correctly observed in both cases, the attack upon the seal must be by way of petition to open the judgment to determine the intent of the corporation.

In passing on the issue of the seal, it is necessary to comment on *Hamborsky v. Magyar Presbyterian Church (No. 1)*, 78 Pa. Superior Ct. 519 (1922). This was an appeal from a refusal to strike a judgment on

a note executed and endorsed as follows:

"Witness the hand and seal of the Magyar Presbyterian Church, Scranton, Pa.

"By: Gregory Sandor,

"Vice President, Board of Trustees.

"Endorsed as follows:

"This note is a valid obligation given to the payee as security for salary and loans to the said church.

"Alex Kidisko, Louis Fent,

"Vajda Joseph, George Hudaz,

"Hiliak Gregory, George Sandor."

The obligation was in fact *not sealed,* and the Superior Court so observed. Therefore, the obligation did not have even prima facie validity.

Appellee urges that the Business Corporation Law, Act of May 5, 1933, P. L. 364, §305, 15 P.S. §2852-305, requires the note in question to have been executed by two corporate officers in order to be valid. The section provides: ". . . Any form of execution provided in the by-laws to the contrary notwithstanding, any note, mortgage, evidence of indebtedness, contract, or other instrument of writing, or any assignment or endorsement thereof, executed or entered into between any corporation and any other person . . . or corporation, when signed by the president or vice president and secretary or assistant secretary or treasurer or assistant treasurer of such corporation, shall be held to have been properly executed for and in behalf of the corporation."

This section cannot be construed to read that obligations executed only in this manner are valid, but this is what appellee would have us do. To the contrary, a corporation is not limited to any particular form of execution or endorsement. The section merely imports validity to any document executed in the fashion prescribed. The Superior Court passed on this precise

question and reached the same result in *Lebowitz v. Keystate Insurance Agency, Inc.,* supra. In an earlier decision, the Superior Court also had occasion to pass upon this question, although in a different context. In *Lycoming Trust Co. v. Allen,* 102 Pa. Superior Ct. 184, 156 Atl. 707 (1931), suit was brought on a note against the maker by a purported holder in due course. The defense was raised that the note was not executed by the two officers described in Section 2 of the Act of May 12, 1925, P. L. 615. This position was rejected because the Act did not preclude the corporation from selecting and authorizing another execution procedure.

In *Collins v. Tracy Grill & Bar Corp.,* supra, the same issue was raised but was not reached because the officer who had executed the instrument held two offices and signed the obligation accordingly. The court concluded that the note had prima facie validity.

An issue which overlaps the two questions initially presented is the relationship of the seal to the authority of Mr. Sylk. This Court held in *York Ice Machinery Corp. v. Robbins,* 323 Pa. 369, 185 Atl. 626 (1936), that the presence of a corporate seal was prima facie evidence of the corporate officer's authority to execute a replevin bond on behalf of the corporation.

Further, we have previously held that a written obligation evidencing agency does not require a showing of authority in the instrument itself; any attack upon the alleged agent's power or authority must be through a petition to open the judgment. *Harr v. Bernheimer,* 322 Pa. 412, 185 Atl. 857 (1936).

A brief filed by the Philadelphia Clearing House Association as amicus curiae calls to our attention certain practical difficulties which banking institutions will encounter if the order of the court below is permitted to stand. Member banks have in their files certified copies of the resolutions of numerous corporations authorizing particular officers, acting alone,

to execute obligations such as the one in issue. If the ruling below is undisturbed, judgments entered on such obligations would be subject to motion to strike without an opportunity to establish that a particular officer possessed authority to act for the corporation and to execute the instrument. Proceeding by way of petition to open preserves the judgment and permits the creation of a record in which validity is tested. The financial institutions further urge that once notes have been confessed of record, the powers to confess have been exhausted, and banks would be left without remedies they were intended to have and without which they would not have entered into certain transactions in the first instance. It is indicated also that the Prothonotary of Philadelphia County, in reliance on the decision below, is now accepting such obligations for filing only upon an appearance being entered by an attorney who certifies authorized execution of the instrument, which involves additional expense and delay.

Careful consideration of all the contentions presented in light of the prevailing authorities leads us to the conclusion that the court below erred in striking the judgment.

The order striking the judgment is reversed; the court below is directed to reinstate the judgment on the record.