## Annexation of Lands in Mount Carmel Township

*Lark, Makowski & Marateck*, for petitioner.
*Charles M. Menapace*, for respondent.

MOSER, J., October 27, 1966.—This is a proceeding under the Act of July 20, 1953, P. L. 550, 53 PS §67501, to annex 19.84 acres of land in the Second Class Township of Mount Carmel to the Borough of Marion Heights, both municipalities being in Northumberland County. A petition containing 20 signatures was presented to the borough council for this purpose on September 11, 1964, and an ordinance annexing the territory was adopted on the same date by that body. On October 26, 1964, the township filed a complaint in this court as a party aggrieved by the ordinance, setting forth its objections to the annexation. A hearing was held January 20, 1965, before Honorable Robert M. Fortney, then a member of this court, and testimony was presented on behalf of the township and the borough. The argument, held September 26, 1966, was re-

stricted to the legality of the proceedings, and especially the question of whether "a majority of the freeholders in the proposed annexed territory" signed the petition for annexation.

The Act of 1953 states that the determination of the required number of petitioners is to be made as of the date of the presentation of the petition: Carnegie Borough Annexation Case, 408 Pa. 146, 782 A. 2d 527. It has long been recognized in annexation cases that whether or not the required number of freeholders have signed the petition for annexation is a matter of proof: Fister v. Kutztown Borough, 49 Pa. Superior Ct. 483. A freeholder has been defined as one who holds land in fee, or for life, or for some indeterminate period. The purpose of requiring a petition by a majority of the freeholders is to discover the will of the persons owning the land to be annexed, as to whether they desire to be governed by the township or the borough: In re: Middletown Annexation Ordinance, 76 Dauph. 82.

It is the contention of the township that, for the purpose of this annexation proceeding, there are 31 freehold interests in the territory to be annexed, all of which are set forth in an addenda attached to its brief. The township further argues that only seven of these interests are represented by signatures on the petition for annexation. Opposed to this is the petition of the borough that there are 20 freehold interests, as listed in its brief, and that a majority of 12 of them is represented by signatures on the petition, as indicated by name in the same document.

It appears undisputed that Ralph Varano and John Benack each are the sole owners of real estate in the annexation area and, further, that their signatures appear on the petition. One holding the legal title to realty is deemed to be a freeholder: Ligonier Township Annexation, 5 D. & C. 2d 124. We must conclude,

therefore, that petition signatures 11, Ralph Varano, and 18, John Benack, each count for one freehold interest represented on the petition.

The record indicates that there are six instances, in each of which real estate in the territory is owned by a husband and a wife as tenants by the entireties. It has been held that this type of ownership constitutes a freehold interest, and in computing the number of freeholders, an estate by entireties is one freehold. Accordingly, where both tenants sign the petition, their signatures are counted as representing one freehold interest: In re: Highspire Borough Annexation, 82 Dauph. 362. On this basis, petition signatures 1, Nicholas D. Bressi, and 2, Helen E. Bressi, together count for one freehold interest represented on the petition, and petition signatures 14, John Krajnak, and 15, Mrs. Mary Krajnak, together count for one freehold interest represented on the petition.

In matters of entireties, either spouse presumptively has the power to act for both, so long as the marriage subsists, without any specific authorization, provided the fruits or proceeds of such action inure to the benefit of both and the estate is not terminated: Wickerham v. Vitori, 345 Pa. 111, 25 A. 2d 801, 802. Under this authority, the signature of either spouse on a petition for annexation is counted as representing the freehold interest of the husband and wife as tenants by the entireties: In re: Highspire Borough Annexation, supra; In re: Annexation of Land in Carroll Township by Donora Borough, 38 Wash. Co. 95. For this reason, petition signatures 8, Aurelia Elizabeth D'Angelo; 9, Edward Greco; 13, George Huxta, and 16, Mr. Joseph Suszinski, each count for one freehold interest represented on the petition.

In two instances, signatures on the petition purport to be on behalf of nonprofit corporations. Petition signature 3 is "James Nestico, President, Keiser Veter-

ans Home Assn." and petition signature 20 is "Rev. V. Winchanowsky, Pastor, St. Mary's Ukr. Cath. Church". The corporation seal is not attached to either name. The township quotes section 402 of the Nonprofit Corporation Law of May 5, 1933, P. L. 289, 15 PS §2851-402, which states: ". . . Any form of execution provided in the by-laws to the contrary notwithstanding, any note, mortgage, evidence of indebtedness, contract, or other instrument of writing, or any assignment or endorsement thereof, executed or entered into between any corporation and any other person, copartnership, association or corporation, when signed by the president or vice president and secretary or assistant secretary, or treasurer or assistant treasurer, of such corporation shall be held to have been properly executed for and in behalf of such corporation".

From this, it is argued that two signatures are necessary to bind a nonprofit corporation in connection with its contracts and other business dealings, including instruments of writing such as the one here involved, and where only one such signature appears, the document shall not be held to have been executed for and on behalf of the corporation. It is further pointed out that the title to the church property is held in the name of "Most Reverend Constantine Bohaczewski, for Saint Mary's Greek Catholic Church".

This position of the township was sustained by the court in Annexation of Lands in Penn Township, 29 D. & C. 2d 718. However, the attorney for the borough argues that in the opinion of counsel, this holding is an incorrect statement of the law, without citing any authority for his position. It is our conclusion, however, that the ruling of that case is proper, and for that reason, we hold that petition signature 3, James Nestico, President, Keiser Veterans Home Assn., and petition signature 20, Rev. V. Winchanowsky,

Pastor, St. Mary's Ukranian Catholic Church, do not count as representing freehold interests on the petition.

In its brief, the borough lists one of the petitioners signing the petition as "Estate of Susan Oros, by George Bobko, Executor". Our examination of the petition shows petition signature 10 to be "George Bobko", without any reference to the estate of Susan Oros, and without any indication that George Bobko signed in a representative capacity. Although there are circumstances under which an executor has been held to be a freeholder: In re: Annexation of a Portion of Abington Twp. to Boro of Jenkintown, 101 Pa. Superior Ct. 227, we do not feel that such a rule is applicable to a case such as this one, where the petition for annexation does not show that the signer was acting in a representative capacity and does not indicate the name of the estate, there being nothing in the record to show the authority of the alleged representative to deal with real estate. In such a situation, petition signature 10, George Bobko, will not be counted as representing a freehold interest on the petition.

In the brief presented by the borough, it is stated: "The Borough of Marion Heights is one of the freeholders and its consent and participation in this annexation proceeding should be sufficient to have the Borough counted as a freeholder joining in the proposed annexation". No authority in law is stated for the proposition that because the annexing borough consents and participates in the annexation proceeding, it must be considered as having signed as a petitioning freeholder, even though no purported signature on behalf of the borough appears on the petition. Our conclusion is that there is no signature on behalf of Marion Heights Borough which can be counted as representing a freehold interest on the petition.

From the above examination of the petition signa-

318

tures claimed by the borough to represent a majority of the freeholders in the proposed annexed territory, we conclude that there are eight freehold interests for which proper signatures appear in the petition, instead of signatures representing 12 such interests, as contended by the borough. It appears, therefore, that there are less than a majority of the freeholders represented on the petition for annexation, since it has been admitted by the borough that there are 20 freehold interests in the territory to be annexed.

Under these circumstances, the court is of the opinion that the legal requirements have not been fulfilled in this proceeding, due to the lack of the necessary signatures to the petition, and that it is not necessary for the court to decide the question of the propriety of the annexation.

ORDER

And now, October 27, 1966, it appearing that the petition for annexation does not contain the signatures of the required majority of freeholders of the area proposed to be annexed, these proceedings for annexation are dismissed at the cost of petitioners.