## Malakoff v. Zambar, Inc.

*Pace Reich,* for plaintiff.
*Patrick W. Kittredge,* for defendant.

DOTY, ADM. J., September 28, 1971.—This matter is presently before the court for consideration of defendant's petition to strike off the judgment entered by plaintiff approximately one year and eight months after the filing of the complaint in equity, no responsive pleading having been filed by defendant during that entire period of time. After a careful consideration of plaintiff's complaint, defendant's petition to strike off the judgment, plaintiff's answer thereto and the applicable law, we are convinced that defendant's petition must be denied.

The underlying facts which give rise to this litigation are as follows: As a result of the efforts of plaintiff, a licensed real estate broker, a lease agreement was entered into by and between Easton Road Development Company, Inc., as lessor, and Consolidated Sun Ray, Inc., and Blauners, Inc., as lessees. The lease was dated June 16, 1959, and provided that plaintiff was entitled to a brokerage commission of three percent of the rent collected pursuant to the terms of the lease. The lessor assigned their interest in the said lease to Bargain City, U.S.A. which thereafter assigned its interest in the lease to Bazaar of All Nations, Inc.

In the meantime, the lessor created a mortgage to American National Insurance Company. The lease agreement hereinabove referred to was also assigned by the lessor to the said mortgagee. On January 1, 1967, the mortgagee foreclosed on the said mortgage against the original lessor and thereafter defendant took title to the said premises by deed from the Sheriff of Montgomery County. When defendant refused to

pay plaintiff the commissions allegedly due under the terms of the lease, plaintiff filed the within action.

The complaint in equity was served upon defendant on July 14, 1969. On July 16, 1969, counsel for defendant, the petitioner herein, wrote to counsel for plaintiff, inter alia, as follows:

"I trust you will grant a reasonable extension of time to answer or otherwise move."

By letter dated the following day, counsel for plaintiff answered, inter alia, as follows:

"We will be happy to grant you a reasonable extension of time in this matter."

Thereafter, there was no communication between counsel until March 2, 1971, when the parties' respective counsel engaged in a telephone conversation. The exact tenor of the conversation is in dispute. However, on that date judgment by default was entered in favor of plaintiff.

At the outset, defendant is confronted with the well-settled law that it is error to strike off a judgment when there is no defect of record. It is clear that a judgment can be stricken off only for irregularity appearing on the face of the record. Miller v. Michael Morris, Inc., 361 Pa. 113, Harr v. Bernheimer, 322 Pa. 412 (1936). There is no defect appearing on the face of the record.

The instruments in question do not contain language so clear and unambiguous so as to preclude plaintiff from prevailing in this action as a matter of law. Thus, on that basis we cannot say that this judgment is irregular or defective on its face.

Defendant also contends that the required notice to plead which was affixed on to the complaint was not signed by counsel. There is no question that Pennsylvania Rule of Civil Procedure 1026 provides

that "no responsive pleading need be filed unless the preceding pleading is endorsed with a notice to plead." Rule 1361 sets forth the form and it is that form which appears on the complaint in this case. It must be noted that the Rules of Civil Procedure do not contain or indicate that the notice must be signed by the party as well as the attorney. The obvious purpose to be gained from such a requirement would be to put the defending party and his counsel on notice as to who represents plaintiff and where plaintiff's counsel can be located. However, this purpose is served when the backer of the pleading contains such information as it did in the instant case. Therefore, we hold that the fact that the notice to plead was unsigned does not constitute such a defect or irregularity as to permit this court to strike off the judgment.

However, the complaint raises questions of fact and it is not clear, as a matter of law, that plaintiff is entitled to prevail in this case. This is an action in equity and he who seeks equity must do equity. In the interest of justice, we cannot permit plaintiff to prevail without affording defendant an opportunity to challenge the judgment obtained.

Under these circumstances, we would treat defendant's petition to strike the judgment as one to open the judgment. However, the Pennsylvania Supreme Court has stated that such an action by the court, sua sponte, is of "extremely doubtful" propriety: Kros v. Bacall Textile Corporation, 386 Pa. 360, 364.

Therefore, in accordance with the foregoing, we enter our order discharging defendant's rule to show cause why the judgment should not be stricken, with leave granted to defendant to file a petition and rule to show cause why judgment should not be opened to permit a defense.