Manor Township *v.* Millersville Borough.

Argued April 3, 1973, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

*John P. Hohenadel,* with him *Nikolaus & Hohenadel,* for appellant.

*Christopher S. Underhill,* with him *Windolph, Burkholder & Hartman,* for appellee.

OPINION BY JUDGE BLATT, May 18, 1973:

On April 22, 1970, the Borough of Millersville (Borough) enacted an ordinance pursuant to Section 426 of The Borough Code, Act of February 1, 1966, P. L. (1965) 1656, 53 P.S. §45426, annexing 163.5 acres of land from the Township of Manor (Township). On May 7, 1970, the Borough filed a certified copy of the ordinance and a map of the Borough indicating the property to be annexed with the Court of Common Pleas of Lancaster County. The Borough also gave proper notice of the filing to the Lancaster County Board of Elections. The Township thereafter filed a complaint with the lower court, attacking the validity and the propriety of the annexation ordinance. A hearing was held and an order was subsequently issued by the lower court affirming and approving the ordinance and dismissing the Township's complaint.

The sole issue before us is the validity of the petition which was filed with the Borough and which purportedly indicated the assent to the annexation on the part of a majority of the freeholders in the area of the Township to be annexed. Section 426 of The Borough Code, 53 P.S. §45426 is controlling in this matter and it provides: "Any borough may, by ordinance, annex adjacent land situate in a township of the second class in the same or any adjoining county, upon petition, and may attach such annexed territory to an existing ward

or wards. The petition *shall be signed* by a majority in number of all of the freeholders of the territory to be annexed. If an ordinance to make such annexation is defeated, no other proceeding for the annexation of the same territory, or any part thereof, shall be had within five years thereof." (Emphasis added.)

The total number of freeholders in the area to be annexed by the Borough in this case was 74, and the petition presented to the Borough bore signatures representing 39 freeholders. The Township, however, challenged three of the signatures, which constituted two freehold interests. Two of these signatures were of a husband and wife who hold title to their property as tenants by the entireties, thus constituting one freehold interest. *Millersville Annexation Case,* 447 Pa. 310, 290 A. 2d 102 (1972). The other signature is of an individual who owned the sole interest in his land. If these signatures are successfully challenged, therefore, this would leave signatures representing only 37 freehold interests on the petition, one less than the majority required by Section 426 of The Borough Code.

At the hearing before the lower court, there was testimony that one John M. Barley had signed the names of Benjamin M. Barley, Hazel B. Newcomer and J. Vernon Newcomer to the annexation petition. It was alleged that he had received prior oral authority to sign the names of Benjamin M. Barley and Hazel B. Newcomer, and that he had later received written authority from both of the Newcomers on June 10, 1970 and from Benjamin Barley on June 29, 1970. All of such written authority was admittedly received, however, after the petition had been sent to the Borough, after the ordinance had been enacted and filed with the court and after the Township had filed its complaint. The Borough urges that this is simply a matter of agency law and that all of the signatures were valid. We cannot agree.

The purpose of the petition requirement in Section 426 of The Borough Code is to provide a method of accurately determining the wishes of the freeholders in a specific area as to which of two local governmental bodies they wish that area to belong, and it is important that the petition truly reflect the wishes of the majority of freeholders concerned. Indeed, unless it is clear that a majority in number of the freeholders in the area to be annexed have in fact properly and knowingly signed the petition, annexation might force the *true* majority of freeholders into the jurisdiction of another local government against their will.

It has already been made clear that a person signing an annexation petition as the representative for a corporate body or as a trustee or other legal representative of a freeholder, must not only affix the signature in proper form, but must comply with all applicable legal requirements and also must clearly express his corporate, fiduciary or representative capacity. *Annexation of Lands in Mount Carmel Township*, 41 Pa. D. & C. 2d 312 (1966) ; *Annexation of Lands in Penn Township*, 29 Pa. D. & C. 2d 718 (1962).

In what is apparently the only case in this Commonwealth where a fact situation similar to the one here involved has arisen, the Superior Court has stated: "The original petition to the corporate authorities of the Borough of Emmaus contained fourteen signatures. At the hearing in the court below it appeared that four persons whose names were on the petition had not signed, although two of the four had orally authorized the affixing of their signatures. Appellants take the position that the unauthorized signatures vitiated the entire proceeding. It was not questioned in the court below that the ten remaining unchallenged signatures constituted a majority of the freeholders of the territory to be annexed. The hearing proceeded on this un-

disputed fact, and we shall not consider any argument on that point on this appeal. The court below properly held that the unauthorized signatures could be disregarded where sufficient freeholders signed to constitute a majority. The unauthorized signatures did not vitiate the proceeding as long as the statutory requirement was fulfilled and the admittedly genuine signatures constituted a majority in number of the freeholders. As the court below said: 'The wishes of those who validly petitioned cannot be frustrated by the overzealous action of one in presuming to sign for others.' " *Salisbury Township Annexation Case*, 172 Pa. Superior Ct. 262, 269, 94 A. 2d 143, 146 (1953).

While the Superior Court in *Salisbury* did not expressly decide on the validity of each signature which had not been affixed by the person whose name was signed, the Court did indicate, however, that some of the fourteen signatures were "unauthorized," and that the "ten remaining signatures constituted a majority. . . ." This seems to indicate that the Court considered all of the four other signatures to have been "unauthorized" for the purpose of validating the petition, even including the two signatures for which it was agreed that there had been oral authorization.

We would also note that Section 426 of The Borough Code provides that the petition "*shall* be signed" by the freeholders. "The word *shall* is . . . generally regarded as imperative. . . . We look to the intention and purpose of the statute in determining whether the word *shall* is to be given a permissive or imperative meaning." (Emphasis in original.) *Amalgamated Transit Union, Division 85 v. Port Authority of Allegheny County*, 417 Pa. 299, 302, 208 A. 2d 271, 272 (1965). *See Earhart v. Board of Supervisors*, 6 Pa. Commonwealth Ct. 455, 296 A. 2d 284 (1972); *Pleasant Hills Borough v. Carroll*, 182 Pa. Superior Ct. 102, 125 A.

2d 466 (1956). If, as we stated above, the purpose of the petition requirement in Section 426 is to provide a method by which to ascertain the desires of the majority of the freeholders in a specific area as to a proposed annexation, it would appear to us that the word "shall" in this statute must be interpreted in its imperative sense. It seems reasonable, therefore, to require that a signer must sign personally, absent compelling reason, properly supported, for his inability to do so.

We would not hold, of course, that there are no circumstances under which one person may sign an annexation petition on behalf of another. If, for example, an individual were physically incapable of signing, and if he clearly authorized his signature to be affixed prior to the actual signing, and if such authorization clearly expressed his intent and was itself capable of subsequent independent documentation, he might properly empower someone to sign for him. Such, however, was not the case here.[1]

We must hold, therefore, that the signatures purporting to be those of Hazel B. Newcomer, J. Vernon Newcomer and Benjamin M. Barley are invalid, leaving a total of only 37 freeholders' signatures on the petition, and, since this does not represent a majority of the 74 freeholders in the area proposed to be annexed, we must reverse the order of the lower court and hold that Ordinance No. 1970-6 of the Borough of Millersville, annexing 163.5 acres of land in the Township of Manor, is invalid and without effect.

Judge CRUMLISH, JR., dissents.

---

[1] The procedure followed in this case is particularly questionable, for there is no indication whatever on the petition that any of its signatures were affixed by anyone signing in a representative capacity for anyone else.