Stuart B. AVERY, Executor of the Estate of Arthur S. Dewing, Deceased

v.

KANE GAS LIGHT AND HEATING COMPANY.

EDWARD DURANT INVESTMENT COMPANY

v.

KANE GAS LIGHT AND HEATING COMPANY.

Stuart B. AVERY, Executor of the Estate of Arthur S. Dewing, Deceased

v.

KINZUA OIL AND GAS CORPORATION et al.

Civ. A. Nos. 74-44, 74-58, 74-85, Erie.

United States District Court, W. D. Pennsylvania.

March 11, 1975.

On Motion to Reargue Oct. 31, 1975.

George L. Cass, Buchanan, Ingersoll, Rodewald, Kye & Buerger, Pittsburgh, Pa., for plaintiff.

Frederick F. Jones, John A. Bowler, Erie, Pa., for defendants.

## MEMORANDUM ORDER

WEBER, District Judge.

In each of these three cases, the defendants have moved for summary judgment in their favor on the issue of the statute of limitations as a bar to the claims.

In *Stuart B. Avery v. Kane Gas and Light Heating Company*, Civil Action No. 74–44 Erie, all notes for which plaintiff claims judgment, attached to the complaint as Exhibits A–O, appear on their faces to be sealed instruments. Each note is signed by Fred M. Young, who was then both President and Treasurer of defendant Kane, to the left of the

printed word "Seal". All notes are dated sometime in 1960. In *Edward Durant Investment Company v. Kane Gas and Light Heating Company*, Civil Action No. 74–58 Erie, two notes, reproduced as Exhibits 9 and 10 to the complaint, follow this pattern.

Under Pennsylvania law, a presumption that the signer intended to adopt the printed word "Seal" as his own seal, or as the seal of the corporation on whose behalf he signed, arises when the signature is placed to the left of the seal. *Koleff's Estate*, 340 Pa. 423, 428, 16 A.2d 384 [1940]; *Prestressed Structures, Inc. v. Bargain City v. United States*, 413 Pa. 262, 196 A.2d 338 [1964]. By statute, a corporation is bound by instruments signed by its president and treasurer in spite of any internal by-laws or regulations of the corporation which would deny them the authority to bind the corporation unless the party dealing with the corporation had actual notice of such by-laws. 15 P.S. § 402. It is undisputed here that Fred Young was both president and treasurer of Kane Gas at the time he signed these notes.

Plaintiff cannot offer any evidence either to rebut the presumption that Young here had intended to adopt the printed word seal as the seal of Kane Gas or that Arthur S. Dewing, the obligee on the notes in Civil Action No. 74–44 Erie or Edward Durant Investment Company, the obligee on the two sealed notes in Civil Action No. 74–58 Erie, had actual knowledge of any Kane Gas by-laws denying Young the authority to adopt a seal for the corporation. Both Young and Dewing, the only persons who would offer such evidence, are now dead.

Therefore, we find that all notes in Civil Action No. 74–44 Erie and Notes 9 and 10 in Civil Action No. 74–58 Erie are sealed instruments under Pennsylvania law, the six year statute of limitations for contracts, 12 P.S. § 31 does not apply, and suit on these notes is timely. *Parsons Trading Co. v. Dohan*, 312 Pa. 464, 167 A. 310 [1933]. For all further conduct of this litigation, this matter is determined by the court to be a fact not in issue under Rule 56(d) of the Federal Rules of Civil Procedure.

As to Exhibits 1–8 in the Edward Durant Investment Company suit, and as to the alleged obligation of defendants in *Avery v. Kinzua*, Civil Action No. 74–85 Erie, the plaintiff has alleged both oral and written acknowledgements by the defendants of these obligations within the six year statute of limitations for contracts. The court finds that the sufficiency of these alleged acknowledgements to remove the bar of the statute of limitations involves material issues of disputed facts and is therefore inappropriate for summary judgment at this time.

### ORDER

And now this 11th day of March, 1975, it is ordered that all the defendants' motions for summary judgment in their favor on the issue of the statute of limitations are hereby denied.

It is further ordered under Rule 56(d) of the Federal Rules of Civil Procedure that all notes in Civil Action No. 74–44 Erie and that those notes in Civil Action No. 74–58 Erie which contain the printed word "Seal", are to be deemed specialties for the further conduct of this litigation.

### ON MOTION TO REARGUE
### MEMORANDUM OPINION

On March 11, 1975, we entered partial summary judgment in this case which barred the statute of limitations defense in these cases because the notes involved were under seal.

Defendant has moved to re-argue its motions for summary judgment based on new decisions from the Court of Common Pleas of Allegheny County; *Associates Consumer Discount Co. v. Gabriel et ux.*, 123 P.L.J. 159 [C.P.Allegheny County 1974]; and *Associates Consumer Discount Co. v. Jeffress* [C.P.Alleghe-

ny County No. 2800 of 1974, January 30, 1975, unreported]. The motion must be summarily denied for the following reasons:

This court was not unaware of the cited precedents from Allegheny County at the time of its decision in this case. Sometimes the court, like the blind pig of the proverb, stumbles upon acorns not fed to it in the briefs of counsel. For reasons set forth herein below, they are neither controlling precedents nor pertinent, and thus provide no nourishment.

■■ A federal court sitting under diversity jurisdiction under the Erie doctrine applies the controlling law of the state whether "declared by its legislature in a statute or by its highest court". *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 [1938]. Decisions of lower state courts may be of persuasive effect in aiding the federal court in determining what decision the highest state court would reach in the absence of a controlling precedent of that court. *Commr. v. Bosch*, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 [1967]. They may be persuasive because of their logic and legal soundness, but not because of the size of the County in which the court sits, as movant seems to suggest.

The *Associates v. Gabriel* case, supra, was a consumer loan transaction case and is attended by all the current protection given those transactions as witnessed by recent statutory enactments and judicial decisions regulating these transactions and giving relief to purchasers and creditors dealing in them. This is revealed by the opinion of the court:

"A member of the general public who deals with entities which use printed forms have [sic] no choice but to sign the form used by the entity, and if the printed form contains the word "SEAL" of "L.S." after the signature line it cannot be said that the person is choosing to adopt the printing as his or her personally identifiable seal.

The printed form containing the printed word "SEAL" or "L.S." is a trap for the unwary as is dramatically demonstrated by the instant case." 123 P.L.J. at p. 160.

Similarly in *Associates v. Jeffress*, C. P. Allegheny County, No. 2800 of 1974, the court noted "that defendants could not have received the loan (to buy an automobile) had they chosen not to sign the judgment note in the present form in which it was submitted to them by plaintiff. That, of course, raises the elements of a contract of adhesion."

In the legal jargon of today, these were contracts of "adhesion" and the results were controlled by that concept. No such elements are present in the instant case.

The court in the *Gabriel* case recognized the controlling law for other types of instruments.

"Neither do we imply nor hold that a 'seal' on a document is of no effect. That should be left to another case on another day. If a person chooses to use an individual seal on documents he executes, he may do so, for then it is presumed he knows what he is doing. However, no person should be deemed to have sealed a document where the word 'SEAL' or 'L.S.' is on a form printed document designed and used for the convenience of the obligee . . ." (P. 161)

■ The forms in the instant case were not shown to be forms designed and used for the convenience of the obligee. They are ordinary business forms for the use of any party. There is no evidence that the obligor was required to sign an instrument provided by the obligee is a condition of receiving the loan.

## ORDER

Now, October 31, 1975, the Motion of Defendants to reargue the Motion for Summary Judgment is denied.