Township of South Middleton, Appellant *v.* Borough of Carlisle, Appellee.

Argued September 11, 1975, before Judges CRUMLISH, JR., WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Heath L. Allen,* with him *Robert R. Black, George B. Stuart, Robert L. Rubendall,* and, of counsel, *Landis & Black,* and *Metzger, Hafer, Keefer, Thomas and Wood,* for appellant.

*William F. Martson,* with him *J. Wesley Oler, Jr.,* and *Martson and Snelbaker,* for appellee.

OPINION BY JUDGE WILKINSON, November 5, 1975:

This controversy arises from the proposed annexation by the Borough of Carlisle, Cumberland County, of a 724.153 acre tract of land which has been a part of South Middleton Township, Cumberland County. Section 426 of The Borough Code, Act of February 1, 1966, P. L. (1965) 1656, *as amended,* 53 P. S. §45426, requires, prior to the adoption of an annexation ordinance by a borough, an annexation petition which "shall be signed by a majority of all the freeholders of the territory to be annexed." It has been stipulated that the petition preceding Ordinance No. 1022 of the Borough of Carlisle, the annexation ordinance in question, carried 46 signatures purporting to represent freeholders, and that the territory proposed to be annexed included 90 freeholders. South Middleton Township has questioned the validity of three of the 46 signatures and after adverse rulings below, raises the same issue on appeal to this Court.

Each of the three challenged signatures was signed by a member of the Cumberland County Bar as a disclosed attorney in fact for the freeholder represented. Each signature was authorized orally by the freeholder-principal prior to the signing. Each signature was ratified by the principal in writing, but not in all cases prior to the time the petition was presented.

Since the law requires a majority of freeholders to petition for annexation, the disqualification of even one

signature in the instant case would result in a failure to satisfy the statutory mandate. Thus, the question before us is whether the signature of a freeholder by a disclosed representative orally authorized by the principal-freeholder is valid. The answer is yes.

The rule in Pennsylvania has been that an agent may be given parol authority except where he is to convey an estate in land, *Craig v. Cosgrove,* 277 Pa. 580, 121 A. 406 (1923), or create a lease for a term in excess of three years, *Burg v. Betty Gay of Washington, Inc.,* 423 Pa. 485, 325 A. 2d 85 (1966). Annexation is not the conveyance of an estate but rather contracting for municipal services. The courts of Pennsylvania have long recognized the validity of a petition for municipal services signed by a disclosed agent on prior oral authority. *Brown v. City of Philadelphia,* 3 Sadler 45, 6 A. 904 (Pa. 1886).

Appellant Township contends that the only authority by which a representative could ever validly sign an annexation petition is prior written authority. The cases cited by appellant for this proposition do not so hold. In *Manor Township v. Millersville Borough,* 9 Pa. Commonwealth Ct. 143, 304 A.2d 713 (1973), the validity or invalidity of the contested signatures turned on the fact that they were made by an agent without any disclosure of agency. The same was the situation in *Annexation of Lands in Mount Carmel Township,* 41 Pa. D. & C. 2d 312 (1966), and *Annexation of Lands in Penn Township,* 29 Pa. D. & C. 2d 718 (1962). It is quite clear that a person signing an annexation petition as the representative of a freeholder must express his representative capacity. On the petition in question, such agency was disclosed.

Again relying on dicta, appellant argues that absent a compelling reason, the freeholders must personally sign the annexation petition. Section 426 of The Borough Code states that the petition "shall" be signed by a majority of freeholders. However, the use of the imperative is little support for the idea that the signature must be

made personally by the freeholder. Courts have previously upheld required signatures made by agents without written authority. *Harr, Secretary of Banking v. Bernheimer*, 322 Pa. 412, 185 A. 857 (1936); *Lebowitz v. Keystate Insurance Agency, Inc.*, 198 Pa. Superior Ct. 495, 182 A.2d 289 (1962). There is no reason disclosed representatives should not also be recognized in annexation matters.

The purpose of requiring a petition signed by a majority of the freeholders of the territory to be annexed is to accurately determine to which of two local governments the freeholders of the area wish to belong. *Manor Township v. Millersville Borough*, 9 Pa. Commonwealth Ct. 143, 146, 304 A.2d 713, 715 (1973). Authorized representative signatures no less accurately indicate the intent of the freeholders represented. Further, the express disclosure of agency alerts any contesting party to the fact that the petition was not personally signed by the freeholder, allowing the authority of the representative to be tested in subsequent judicial proceedings.

We must hold the signatures here in question, authorized by their principal and signed with disclosure of their representative nature, valid. We, therefore, affirm the order of the Cumberland County Court of Common Pleas overruling and dismissing appellant's objection to Ordinance No. 1022 of the Borough of Carlisle based on the lack of signatures of a majority of the freeholders in the territory to be annexed.