## Lower Merion Township Appeal.

Argued March 17, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Arthur Gregg Jackson,* with him *John E. Forsythe,* Township Solicitor, and *MacCoy, Evans & Lewis,* for appellant.

*David B. Fitzgerald,* with him *Fitzgerald & Yatsko,* for appellees.

OPINION BY WATKINS, J., September 11, 1969:

This appeal is from the order of the Court of Common Pleas of Montgomery County which permitted

the Township of Lower Merion to intervene, but refused to vacate the proceedings to reapportion the Township into wards under The First Class Township Code, Act of June 24, 1931, P. L. 1206, as amended, 53 P.S. §55401-408.

The appeal raises the question of jurisdiction of the court below to reapportion the Township since the adoption of Article IX, §11 of the new Constitution by the electorate on April 23, 1968, and is taken pursuant to Act of March 5, 1925, P. L. 23, as amended, 12 P.S. §672.

Article IX, §11 of the Constitution reads: "Within the year following that in which the Federal decennial census is officially reported as required by Federal law, and at such other times as the governing body of any municipality shall deem necessary, each municipality having a governing body not entirely elected at large shall be reapportioned, by its governing body or as shall otherwise be provided by uniform law, into districts which shall be composed of compact and contiguous territory as nearly equal in population as practicable, for the purpose of describing the districts for those not elected at large."

The schedule of effective dates for Article IX indicates that Section 11 is to take effect immediately upon its adoption by the electorate which would be April 23, 1968, prior to the filing of the petition in the instant case.

Article IX, Section 11 of the Constitution clearly indicates that for the first time the primary responsibility for reapportioning municipalities shall be placed on the governing body of the municipality in which the governing body is not entirely elected at large. This being apparent, the new Constitution would of necessity have to supersede that portion of The First Class Township Code which empowered the courts to reapportion such municipalities (supra).

Section 11 as contained in the Constitution does not contain detailed directions and instructions as to how reapportionment should be accomplished. However, it is comparable to the section of the old constitution under which the General Assembly was authorized to reapportion itself and clearly intends that it would be accomplished by ordinance as the Senate and House of Representatives reapportioned by Act of the General Assembly.

It is the clear intent of the Constitution that reapportionment be a legislative function and that judicial action should only take place in the event of inordinate delays.

Though the Constitution places the primary responsibility on the governing body of a municipality, this does not mean the courts of the Commonwealth are powerless to effect reapportionment where the governing body fails to act and the need for reapportionment is clear. *Butcher v. Bloom*, 415 Pa. 438, 203 A. 2d 566 (1964). Also, *Butcher v. Bloom*, 420 Pa. 305, 216 A. 2d 457 (1966).

The constitutional requirement for reapportionment is, as has always been the case, based upon population, and while registration may be an indication of the need it should not be the sole criterion nor the basis upon which reapportionment is had. The Constitution clearly provides for reapportionment at times other than those in which Federal decennial censuses are available and a local census can, and in this case should have been taken so that reapportionment at this time could rely on a basis which in all probability will not be changed by a Federal decennial census in 1970.

However, since such reapportionment would not affect the current municipal election it seems reasonable to await the federal decennial census and save the township taxpayers the cost of a local census. If, however, the said municipality by further delay fails to

reapportion as herein required, the court below is then directed to proceed with reapportionment on its own motion.

Therefore, the order of the Court of Common Pleas of Montgomery County is reversed. The case is remanded for the purpose of having the governing body of Lower Merion Township, the Board of Township Commissioners, proceed to take the required steps to effect reapportionment. As the decennial census will be taken by the federal government in 1970 and the next municipal election will take place in 1971, it is directed that reapportionment in the township should be based on the decennial census.