## Division of Bethlehem Township, Northampton County, Into Wards

*Frank J. Danyi, Jr.,* for exceptant.
*Alfred P. Antonelli,* contra.

WILLIAMS, *J.,* December 2, 1975—This matter involves the authority of the Court of Common Pleas to apportion a municipality into wards in view of the provisions of article IX, §11, of the Pennsylvania Constitution of 1968. Counsel have agreed to dispose of this legal issue prior to a hearing on the merits.

On April 23, 1974, a petition was filed by more than 100 freeholders of Bethlehem Township, a township of the first class, requesting the appointment of a commission to inquire into the propriety of dividing the township into wards pursuant to the provisions of The First Class Township Code of June 24, 1931, P. L. 1206, art. IV, sec. 401, et seq., as amended, 53 PS §55401, et seq.

A commission was appointed in accordance with the statute and, after conducting a public hearing, the commission, on March 4, 1975, filed its report recommending that the township be divided into four wards with one township commissioner to be elected from each ward and one commissioner elected at large. The report of the commission was confirmed nisi on the same date and on April 3, 1975, within the 30-day period, exceptions to the report were filed by the township commissioners.

The township code under which the court acted in this case provides, inter alia:

"The court of quarter sessions, upon petition, may divide or redivide any township, heretofore or hereafter created, into wards, erect any wards out of two or more adjoining wards, or parts thereof,

consolidate two or more wards into one ward, divide any wards already erected into two or more wards, or alter the lines or boundaries of any two or more adjoining wards, and may cause lines or boundaries of wards to be fixed and established. No township shall be divided or redivided into more than fifteen wards.

"No ward shall be created containing less than three hundred registered electors therein, and all wards which now, or at any time hereafter shall, contain less than three hundred and fifty registered electors therein may in the discretion of the court be abolished, and if so abolished, the territory thereof shall be distributed among the remaining wards in such manner as the court of quarter sessions shall direct. All other wards as heretofore established shall remain as heretofore until altered or divided as provided in this article:

"Provided, That if, in townships wherein any ward shall be abolished as herein provided, the number of wards shall be reduced to less than five, then the commissioner in the ward or wards abolished shall continue in office for the term for which elected, and shall become a commissioner or commissioners at large from such township as provided in this act, with respect to townships having less than five wards." Act of August 24, 1963, P.L. 1146, sec. 1, 53 PS §55401.

The issue is whether the court's authority under the foregoing statute has been limited or abrogated by the reapportionment clause of the 1968 State Constitution.

Article IX, sec. 11, of the Constitution provides as follows:

"Within the year following that in which the Federal decennial census is officially reported as re-

quired by Federal Law, and at such other times as the governing body of any municipality shall deem necessary, *each municipality having a governing body not entirely elected at large shall be reapportioned,* by its governing body or as shall otherwise be provided by uniform law, into districts which shall be composed of compact and contiguous territory as nearly equal in population as practicable, for the purpose of describing the districts for those not elected at large." (Emphasis supplied.)

The township contends that the constitutional provision places the power to apportion as well as to reapportion wards solely in the township commissioners.

It is clear that the power to *reapportion* wards is vested in the municipality by the Constitution and the provisions of the township code for redrawing ward boundaries have been "superseded": Lower Merion Township Appeal, 215 Pa. Superior Ct. 363, 257 A. 2d 264 (1969); Board of Commissioners of Springfield Twp. v. Kahn, 13 Pa. Commonwealth Ct. 393, 320 A. 2d 372 (1974). However, article IX, §11, did not automatically repeal those provisions of the township code dealing with governmental subdivisions as suggested by the township. See Butler Township Appeal, 438 Pa. 302, 264 A. 2d 676 (1970).

The constitutional provision applies only where the municipality's governing body is "not entirely elected at large." Bethlehem Township at the present time does have a governing body elected at large and the question before the court is whether it should be apportioned for the first time. Accordingly, we hold that this court has jurisdiction and authority to proceed under the township code, 53 PS §55401.

While we have carefully considered the township's argument under Avery v. Midland County, 390 U.S. 474, 88 S. Ct. 1114, 20 L. Ed. 2d 45 (1968), relating to the one person-one vote standard for apportionment, we find it inapposite to the present stage of these proceedings. In fact, the constitutional provision in the 1968 revision was included to comply with Avery in those municipalities which are apportioned.

## ORDER

And now, December 2, 1975, the exceptions of the Board of Commissioners of Bethlehem Township to the report of the commission based upon the authority of the court to consider the report, are denied and dismissed. Counsel shall meet with the court to fix a mutually convenient date for final hearing.