In Re: Dupont Borough Wards. Appeal of Joseph J. Vida, Edward Smichowski, Ben Smichowski, Anthony Haduck, Joseph Bryk, Joseph Kulick and John Ziobro.

Argued April 4, 1978, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt and DiSalle.

*James F. Geddes, Jr.*, for appellants.

No appearance for appellee.

Opinion by President Judge Bowman, July 11, 1978:

Appellants, seven electors of the Borough of Dupont (Borough), have appealed from an order of the Court of Common Pleas of Luzerne County. The order dismissed appellants' exceptions to and affirmed a prior order which had made absolute a decree nisi abolishing all Borough wards and establishing an at

large election procedure for borough council positions. We affirm.

The salient facts of this case can be briefly stated. On December 16, 1974, a petition signed by 243 residents of the Borough was presented to the Luzerne County Court requesting that the court, pursuant to Section 601 of The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. §45601, abolish the Borough's wards. This number of signatures satisfied the requirement of Section 602 of The Borough Code, 53 P.S. §45602, that such a petition, when initiated by electors, be signed by "at least five percent of the registered electors of the borough." Acting pursuant to further provisions of Section 602, the court appointed a three-member commission "to inquire into the propriety of granting the prayer in the petition." Public hearing was held on the matter in April 1975, and in March 1976, two of the commissioners submitted to the court their report recommending the abolishment of wards.[1] In a decree nisi entered by Judge DALESSANDRO, the report was adopted. Appellants filed exceptions to the decree, which, after consideration by Judge DALESSANDRO, were dismissed.[2] An order absolute was entered. Appellants were then permitted to file exceptions to this order. Argument was heard by the court en banc, which also dismissed appellants' exceptions and affirmed.[3]

---

[1] Section 602 authorizes submission of a report by only two commissioners. In the instant case, the appointment of one of the original three commissioners was revoked and another commissioner was appointed to replace him. Subsequent to this occurrence, an original appointee died, resulting in a two-member commission.

[2] On October 15, 1976, counsel had entered into written stipulation that argument upon the exceptions be heard by Judge DALESSANDRO, who had originally appointed the commission.

[3] President Judge BROMINSKI dissented "to the procedural aspect" of a second argument on the exceptions, believing that "counsel are bound by their stipulation of October 15, 1976."

Appellants argue that the lower court abused its discretion in several respects.[4] First, it is argued that the report of the commissioners should not have been considered or approved by the court because it was not filed within sixty days of the date of the appointment of the commission. Section 602 of the Borough Code provides that "[t]he commissioners, or any two of them, shall make a report to the court, within sixty days after their appointment. . . ." Appellants submit that the word "shall," as it appears in Section 602, is mandatory.

" '. . . The word "shall" can be interpreted as mandatory or merely directory; Francis v. Corleto, 418 Pa. 417 [211 A.2d 503 (1965)]. . . .' " *In the Matter of Columbia Borough,* 24 Pa. Commonwealth Ct. 190, 193, 354 A.2d 277, 279 (1976). While "shall" is generally regarded as imperative, the determination in a specific case whether the word is to be given an imperative or permissive meaning requires an examination of the intention and purpose of the particular statutory provision. *Manor Township v. Millersville Borough,* 9 Pa. Commonwealth Ct. 143, 147, 304 A.2d 713, 715-16 (1973). "When time and manner are not the essence of the thing required to be done, the statute will be regarded as directory and proceedings under it will be held valid, even though the command of the statute as to form and time has not been strictly obeyed. . . ." *Allegheny County v. Pennsylvania Public Utility Commission,* 192 Pa. Superior Ct. 100, 110, 159 A.2d 227, 233 (1960) (citation omitted). We are of the view that the legislature, in establishing a time period of sixty days in Section 602, did not intend time to be of such essence that submission after the sixtieth day should render a commissioners' report void. Therefore, we

---

[4] When initially filed, appellants' appeal contained an application for stay of the lower court's order. This issue was disposed of by our per curiam Order of April 22, 1977, and is now moot.

conclude, as did the court below, that the sixty day provision of Section 602 is directory, not mandatory.

It is argued that the court below should not have accepted the commissioners' report because it was not accompanied by either a plot or the population and voter registration information required by Section 602. However, even a cursory reading of the language of Section 602 reveals that the only purpose of the plot and such information is to show the boundaries and demographic composition of proposed wards, *when wards are being proposed.* When, as here, the proposal is to abolish wards, there simply is nothing to show.

It is argued that the Municipal Reapportionment Act, Act of December 13, 1974, P.L. 947, 53 P.S. §11601 et seq., which places a duty to reapportion upon municipal governing bodies not entirely elected at large, has superseded the provisions of The Borough Code, which empower a court to erect, abolish and alter borough wards.[5] We do not believe that the provisions of Section 601 of The Borough Code, which permit a court to abolish wards are in any way inconsistent with the Municipal Reapportionment Act. The necessary result of the abolition of wards is the creation of an at large election for borough council, which procedure can only advance the one-man, one-vote principle underlying the Municipal Reapportionment Act. We refuse to hold that the legislature, in seeking to ensure the equality of the vote in municipalities with governing bodies not entirely elected at large, intended to take away one of the means by which that equality could be permanently achieved.

---

[5] We note that Section 9(a)(7) of the Municipal Reapportionment Act, 53 P.S. §11609(a)(7), repeals Sections 601-607 of The Borough Code, 53 P.S. §§45601-607, "only in so far as they are inconsistent herewith."

It is argued that certain findings and conclusions contained in the commissioners' report and adopted by the lower court are unsubstantiated supposition. Although the three and one-half page report is hardly a study in the art of detail, we are unwilling to hold that the lower court abused its discretion in adopting it and ordering the abolition of wards.

We have reviewed appellants' other arguments and find them to be without merit.

ORDER

Now, July 11, 1978, the order of the Court of Common Pleas of Luzerne County is hereby affirmed.