In Re: Petition to Abolish Wards Hanover Township. Hanover Township, Appellant.

Argued April 6, 1979, before Judges Crumlish, Jr., Rogers and Craig, sitting as a panel of three.

*John L. McDonald*, for appellant.

*John P. Moses,* with him *Charles P. Gelso* and *Neil L. Conway,* for appellee.

Opinion by Judge Craig, August 16, 1979:

This is an appeal by the board of commissioners of Hanover Township from an order of the Court of Common Pleas of Luzerne County (lower court) abolishing all wards in Hanover Township (township).

In July, 1976, over 100 township residents petitioned the lower court to abolish all wards in the township, pursuant to Section 401 of The First Class Township Code, Act of June 24, 1931, P.L. 1206, *as*

148

*amended*, 53 P.S. §55401 (Code). As required by Section 402 of the Code, 53 P.S. §55402, the lower court appointed three commissioners "to inquire into the propriety of granting the prayer of the petitioners." After a hearing, the commission recommended to the lower court "that hereafter all Commissioners elected in Hanover Township be elected at large, and that all wards as they now exist be abolished, or in effect, made into one sole ward comprising all of Hanover Township." As a result of the commission's report, the lower court entered a decree confirming the commission's report and abolishing all wards.

The township's board of commissioners, as well as five individual residents of the township, filed exceptions to the decree nisi, which were dismissed after a hearing. The board of commissioners then appealed to this Court, raising three issues: (1) whether Section 401 of the Code has been superseded by the reapportionment provisions of the Pennsylvania Constitution and repealed by the Municipal Reapportionment Act, Act of December 13, 1974, P.L. 947, 53 P.S. §11601 et seq.; (2) whether Section 401 of the Code permits the lower court to take the action appealed from; and (3) whether the lower court's action deprives the township's voters of equal protection.

Section 401 of the Code, as amended by the Act of August 24, 1963, P.L. 1446, states in relevant part that a lower court, "upon petition, may . . . consolidate two or more wards into one ward. . . ."

The board of commissioners argues that Section 401 of the Code has been superseded by Article IX, Section 11 of the Constitution of Pennsylvania, as amended in 1968, which requires that a municipality having a governing body not entirely elected at large shall be reapportioned by its governing body within the year following the year in which the federal decennial census is officially reported, and at such other

times as the governing body deems necessary. However, the Pennsylvania Supreme Court has held that Article IX, Section 11 of the Constitution and Section 401 of the Code are not incompatible, and Article IX, Section 11 does not supersede Section 401. *Butler Township Appeal*, 438 Pa. 302, 264 A.2d 676 (1970).

The board of commissioners also argues that Section 401 of the Code was repealed by Section 9 of the Municipal Reapportionment Act, 53 P.S. §11609. We do not agree. Section 9(a)(5) of that Act repealed Sections 401-408 of the Code, 53 P.S. §§55401-408, only to the extent they were inconsistent with the Municipal Reapportionment Act. In *Appeal of Vida*, 36 Pa. Commonwealth Ct. 504, 387 A.2d 1367 (1978), in an opinion written by President Judge Bowman, we held that Section 601 of The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. §45601, was not in any way inconsistent with that Act. Section 601 of The Borough Code is almost identical to Section 401 of the Code, and was also repealed, to the extent it was inconsistent, by Section 9(a) of the Municipal Reapportionment Act. As President Judge Bowman stated:

> We refuse to hold that the legislature, in seeking to insure the equality of the vote in municipalities with governing bodies not entirely elected at large, intended to take away one of the means by which that equality could be permanently achieved.

36 Pa. Commonwealth Ct. at 508, 387 A.2d at 1370.

The same policy applies to Section 401 of the Code. Therefore, it remains a proper alternative for consolidating two or more wards into one.

The second issue raised by the board of commissioners is whether Section 401 permits a lower court to abolish wards entirely. There is some merit to this contention. However, even though the parties and

the lower court characterize the lower court's action as abolishing all wards, it is also valid to view the lower court's action as consolidating the presently-existing seven wards into one ward. That is exactly what occurred in *Butler Township Appeal, supra,* and the Pennsylvania Supreme Court approved that action. As Justice POMEROY said:

> By this order of the court the six wards of Butler Township were consolidated into one ward with five commissioners, all of whom are to be elected at large. . . .
>
> . . . .
>
> The Act of 1963 [amending Section 401] expressly provided that, in addition to the foregoing powers, the court could also 'consolidate two or more wards into one ward.' That is what the court did in this case, i.e., consolidate six wards into one.

438 Pa. at 304, 306, 264 A.2d at 677, 678.

The third issue, whether the elimination of the seven wards will constitute a denial of equal protection for the voters of the township, is totally without merit. As we said in *In The Matter of Columbia Borough,* 24 Pa. Commonwealth Ct. 190, 194, 354 A.2d 277, 280 (1976), adopting the opinion of the lower court: "By eliminating all wards and providing for voting at large, it will never be necessary again to consider whether the Borough is in violation of the Supreme Court rule and it is a complete compliance with the one man-one vote principle. . . ."

We affirm the court below.

### ORDER

AND Now, this 16th day of August, 1979, the order of the Court of Common Pleas of Luzerne County, docketed at No. 1659 of 1976, dated July 31, 1978, is affirmed.