IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey Varner, Lisa Robinson, : 
and Michael Hossler : 
 : 
 v. : No. 153 C.D. 2017
 : Submitted: February 21, 2017
Swatara Township Board : 
of Commissioners, : 
 Appellant : 


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE JULIA K. HEARTHWAY, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI          FILED: March 1, 2017


Before us[1] is the appeal of the Board of Commissioners of Swatara Township (Board) from a decision of the Court of Common Pleas of Dauphin County (trial court) granting Jeffrey Varner, Lisa Robinson and Michael Hossler's (Petitioners) Petition for Declaratory Judgment by finding that under Section 401 of the First Class Township Code,[2] court approval is required to change from an at-large to a by-ward method of selecting commissioners.

---

[1] This appeal was heard by a special election panel that proceeded as prescribed by Internal Operating Procedure § 258. *See* Internal Operating Procedure §112(b).

[2] Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. § 55401.

Swatara Township (Township) is a First Class Township located in Dauphin County. Because the Board failed to reapportion its wards within one year of the decennial census to make the population of those wards as required, an action was brought before the trial court to reapportion the nine wards from which one commissioner was selected so that the population of each was as equal as possible. In February 2015, the Board enacted an ordinance that eliminated the nine member by-ward system by reducing the number of commissioners which were to be elected at-large to five. At the 2015 municipal elections, the transition from a by-ward to an at-large system began when five by-ward commissioners with expiring terms were replaced by three members elected at-large. At the 2017 municipal elections, the changeover would be complete with the remaining four by-district members with expiring terms replaced by two at-large positions, making all five members of the Board elected at-large. However, in 2016, the Board, with three members who were elected at-large and four members by district, enacted Ordinance 2016-7, which changed the system back to the nine commissioners elected by-ward system without petitioning the court.

Petitioners then filed a declaratory judgment action contending that Ordinance 2016-7 was void under Section 401 of the First Class Township Code, 53 P.S. § 55401, seeking a declaration that court approval was required before a change could be made from an at-large to a by-ward system of electing commissioners. Section 401 of the First Class Township Code, provides, in relevant part:

The court of quarter sessions, upon petition, may divide or redivide any township, heretofore or hereafter created, into wards, erect any wards out of two or more adjoining wards, or parts thereof, consolidate two or more wards into one ward, divide any wards already erected into two or more wards, or alter the lines or boundaries of any two or more adjoining wards, and may cause lines or boundaries of wards to be fixed and established. No township shall be divided or redivided into more than fifteen wards.

****

Provided, That if, in townships wherein any ward shall be abolished as herein provided, the number of wards shall be reduced to less than five, then the commissioner in the ward or wards abolished shall continue in office for the term for which elected, and shall become a commissioner or commissioners at large from such township as provided in this act, with respect to townships having less than five wards.

55 P.S. § 55401.

The Board opposed the declaratory judgment action, contending that this provision was superseded by Article IX, Section 11 of the Pennsylvania Constitution as implemented by the Municipal Reapportionment Act, Act of December 13, 1974, P.L. 947, No. 31, 53 Pa.C.S. §§ 901-908.

Article IX, Section 11 of the Pennsylvania Constitution provides that:

Within the year following that in which the Federal decennial census is officially reported as required by Federal law, and at such other times as the governing body of any municipality shall deem necessary, each municipality having a governing body **not entirely**

3

**elected at large** shall be reapportioned, by its governing body or as shall otherwise be provided **by uniform law**, into districts which shall be composed of compact and contiguous territory as nearly equal in population as practicable, for the purpose of describing the districts for those not elected at large.

(Emphasis added.)

The Municipal Reapportionment Act is the uniform law implementing this provision. There are two operative sections, with the first providing:

a) General rule.--Within the year following that in which the Federal census, decennial or special, is officially and finally reported and at such other times as the governing body deems necessary, each entity **having a governing body not entirely elected at large** shall be reapportioned into districts by its governing body. The governing body shall number the districts. (Emphasis added.)

53 Pa.C.S. § 903(a) (emphasis added).

53 Pa.C.S. § 904 provides a role for the court in reapportionment only if the local government does not reapportion within one year of the federal census.[3] It states:

---

[3] In *Board of Commissioners v. Kahn*, 320 A.2d 372 (Pa. Cmwlth. 1974), we held that courts have no power to reapportion, but specifically noted that the General Assembly had not passed implementing legislation, *i.e.*, the Municipal Reapportionment Act.

(a) Petition.--If there has not been a reapportionment by the governing body within the year following that in which the Federal census, decennial or special, is officially and finally reported, a petition signed by one or more electors who are residents of the entity may be submitted to the court of common pleas which may then reapportion in accordance with this chapter.

(b) Appointment of commissioners.--Upon receiving the petition to reapportion, the court may appoint three impartial persons as commissioners.

(c) Report to court.--The commissioners appointed by the court or any two of them shall make a report to the court within the time the court directs and shall include with it a plot showing the boundaries of the present districts and a plot showing the districts as proposed by them, along with pertinent information relating to population and area of the proposed districts.

(d) Action on report.--Upon presentation, the court shall confirm the report nisi and shall direct that notice of the filing of the report shall be given by publication once in a newspaper of general circulation stating that exceptions may be filed to the report within 30 days after the report was filed. If no exceptions are filed or if the court dismisses the exceptions, the court shall confirm the report absolutely and issue a decree. The court in its decree shall designate a number for each of the districts.

53 Pa.C.S. § 904.

There is no dispute that Article IX, Section 11 of the Pennsylvania Constitution removed from the court under the First Class Township Code the power to reapportion, placing that duty, in the first instance, with the local governing body. *See In re Redivision of Lower Merion Township into Wards*, 257 A.2d 264, 265 (Pa. Super. 1969) ("Article IX, Section 11 of the Constitution

5

clearly indicates that for the first time the primary responsibility for reapportioning municipalities shall be placed on the governing body of the municipality in which the governing body is not entirely elected at large. This being apparent, the new Constitution would of necessity have to supersede that portion of The First Class Township Code which empowered the courts to reapportion such municipalities. . . .") Moreover, the Municipal Reapportionment Act specifically repeals the provisions of the First Class Township Code to the extent that they are inconsistent with its provisions. This led the trial court to the issue of whether Section 401 of the First Class Township Code is inconsistent with either Article IX, Section 11 of the Pennsylvania Constitution or the Municipal Reapportionment Act.

Finding that Section 401 of the First Class Township Code was not inconsistent with either Article IX, Section 11 or the Municipal Reapportionment Act, the trial court found that Ordinance 2016-7 was void *ab intio*. It reasoned that both those provisions dealt with reapportionment to ensure that elected officials selected by districts represent a population as equal as possible to other districts so that each voter can have equal voting weight. Because the Township commissioners were "entirely elected at-large" when it enacted Ordinance 2016-7, it was not to carry out those goals but was attempting to change the form of governance by going from a five member at-large board to a nine member by-ward board. The trial court held because that did not deal with reapportionment, Section 403 of the First Class Township Code is not inconsistent with Article IX, Section 11 or the Municipal Reapportionment Act. We agree.

6

On appeal, the Board's main argument again is that it had the power under Article IX, Section 11 of the Pennsylvania Constitution as implemented by the Municipal Reapportionment Act to enact Ordinance 2016-7 to change from an at-large to a by-ward system, and that it need not comply with Section 401 of the First Class Township Code.[4]

Shortly after it was adopted in 1968, our Supreme Court in *In re Butler Township*, 264 A.2d 676 (Pa. 1970), addressed whether Article IX, Section 11 of the Pennsylvania Constitutional effectively repealed Section 401 of the First Class Township Code. In that case, residents petitioned the Court under Section 401 of the First Class Township Code to create a new ward. Rather than create a new ward, it was decided that all wards would be eliminated and all the commissioners would be elected at-large. One of the arguments raised on appeal, like here, was that court approval no longer had to be sought under Section 401 of the First Class Township Code because that provision had been effectively repealed by Article IX, Section 11 of the Pennsylvania Constitution. In rejecting that argument, our Supreme Court stated:

> That section [Article IX, Section 11] requires that a municipality having a governing body not entirely elected at large shall be reapportioned by its governing body within the year following the year in which the Federal decennial census is officially reported, and at

---

[4] The Board argues that it was not an elected at-large Board because it had three members elected at-large and four by-ward, so it was authorized under the Municipal Reapportionment Act to reinstate the by-ward system. What this argument ignores is that while there were remaining members, the Township, when it enacted an Ordinance that changed to a five member at-large Board, changed the form of government as of the date it was enacted and became effective.

such other times as the governing body shall deem necessary. Whether or not this section is self-executing is a question not argued and which we need not now consider. Assuming that it is, it does not effect an automatic repealer of Section 401 of the First Class Township Code, and similar provisions of other statutes dealing with governmental subdivisions. The restructuring of wards within a municipality, as provided by Section 401, can be desirable and feasible for a number of reasons other than to accomplish reapportionment.

Conceding, however, that reapportionment may normally be the primary motivation for such changes in wards, we see no inherent incompatibility between the reapportionment by the governing body of a municipality provided by the Constitution and reapportionment through court-ordered ward realignments permitted by the First Class Township Code. The latter method could upon occasion be a useful complement to the former. In any event, it is for the General Assembly to provide by general law for local government within the Commonwealth (Article IX, Section 1 of the Constitution), and if it wishes to modify or repeal Section 401 and similar provisions, it can and presumably will do so.

264 A.2d at 678–79 (footnote omitted).

After this decision, the Municipal Reapportionment Act was enacted to implement Article IX, Section 11. It did not repeal provisions of the First Class Township Code outright, but only to the extent that they were inconsistent with its provisions, leading to the conclusion that there were situations remaining that those provisions would still apply.

8

As to whether Section 401 of the First Class Township Code is inconsistent with the Municipal Reapportionment Act, the later deals with reapportionment and nothing else, and if Section 401 is not inconsistent with Article IX, Section 11, it similarly cannot be inconsistent with the Municipal Reapportionment Act.  As our Supreme Court stated in *Butler*, restructuring of wards or elimination of wards within a municipality, as provided by Section 401, can be desirable and feasible for a number of reasons other than to accomplish reapportionment.

Accordingly, for the foregoing reasons, we affirm the decision of the trial court.

_____
DAN PELLEGRINI, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey Varner, Lisa Robinson, : 
and Michael Hossler : 
  : 
  : 
v. : No. 153 C.D. 2017
  : 
Swatara Township Board : 
of Commissioners, : 
               Appellant : 

# **O R D E R**

AND NOW, this 1st day of March, 2017, the order of the Court of Common Pleas of Dauphin County is affirmed.

_____
DAN PELLEGRINI, Senior Judge