**[J-95-2017]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| JEFFREY VARNER, LISA ROBINSON, AND MICHAEL HOSSLER, | : | No. 49 MAP 2017 |
| | : | |
| | : | Appeal from the Order of the |
| Appellees | : | Commonwealth Court at No. 153 CD |
| | : | 2017 dated March 1, 2017 Affirming the |
| | : | Order of the Court of Common Pleas of |
| v. | : | Dauphin County, Civil Division, at No. |
| | : | 2016 CV 5745 EQ dated January 6, |
| | : | 2017. |
| SWATARA TOWNSHIP BOARD OF | : | |
| COMMISSIONERS, | : | ARGUED:  November 29, 2017 |
| | : | |
| Appellant | : | |

**OPINION**

**JUSTICE DOUGHERTY**                                          **DECIDED: June 1, 2018**

We granted discretionary review to determine whether appellant, Swatara Township Board of Commissioners, was required to seek and obtain judicial approval before changing from an at-large to a by-ward system of governance.  We hold judicial approval was required pursuant to Section 401 of the First Class Township Code, 53 P.S. §55401, and thus affirm the decision of the Commonwealth Court.

Swatara Township (the Township) is a First Class Township located in Dauphin County.  Prior to 2015, the Township was divided into nine wards, and its governing body, the Swatara Township Board of Commissioners (the Board), consisted of nine commissioners, each elected by one ward.  When the Board failed to reapportion population in the wards within one year following the decennial census, Township

residents, Thomas J. Connolly, Jr., Richard H. Bouder, Steven Chiavetta and Edward Troxell, filed an action in the Dauphin County Court of Common Pleas on January 27, 2015 to accomplish reapportionment pursuant to Section 904 of the Municipal Reapportionment Act (the Act). *See* 53 Pa.C.S. §904(a) ("If there has not been a reapportionment by the governing body within the year following that in which the Federal census, decennial or special, is officially and finally reported, a petition signed by one or more electors who are residents of the entity may be submitted to the court of common pleas which may then reapportion in accordance with this chapter."). After a hearing on February 4, 2015, the court entered an order appointing a three-person commission to make a recommendation pursuant to Section 904(b) of the Act. 53 Pa.C.S. § 904(b) (court may appoint three impartial persons as commissioners).

On the same day, the Board passed an ordinance which eliminated the existing nine-member by-ward system of township governance and created a single ward consisting of the entire population of the Township, to be served by five commissioners elected at large. Swatara Township Ordinance 2015-2 (Ordinance 2015-2).[1] The ordinance stated the existing nine wards "contain[ed] a disparity in population sufficient to warrant realignment[,]" and the new "one-ward reapportionment plan . . . with five representatives elected at-large will most sufficiently and appropriately meet the requirements of the Pennsylvania Constitution and Municipal Reapportionment Act and the proper functions of government in Swatara Township." *Id.* at 1-2.

Ordinance 2015-2 further provided current commissioners would remain in office until the expiration of their terms, but the transition from a by-ward to an at-large system would begin during the November 2015 municipal election with the election of three new

---

[1] After the Board passed Ordinance 2015-2, the court of common pleas dissolved its appointed reapportionment commission.

at-large commissioners to replace five by-ward commissioners whose terms were expiring.[2] The changeover to an at-large system would be complete after the 2017 municipal elections when the remaining four by-ward commissioners would be replaced by two at-large commissioners, and the Board would finally consist of five at-large elected commissioners representing the entire Township.

After the November 2015 election, new at-large commissioners Jeffrey Varner, Edward Troxell and Richard Bouder took office in January 2016. On July 6, 2016, the Board passed Swatara Township Ordinance 2016-7 (Ordinance 2016-7), which purported to change the five-Commissioner/at-large system created by Ordinance 2015-2 (and under which the November 2015 election had taken place) back to a nine-commissioner/by-ward system. Ordinance 2016-7 stated:

> The Board of Commissioners, after examining the existing at-large system of one ward and a reapportionment plan of nine wards that corrects the disparity in population present under the former nine ward system, and upon considering the Township's historical development, population concentration, natural boundary lines, and contiguity of wards, finds that a nine ward reapportionment plan with the boundaries as hereinafter described, defined, and specified, with a single representative elected form each ward, will most sufficiently and appropriately meet the requirements of the Pennsylvania

---

[2] Specifically, the Ordinance provided: "The Township of Swatara is hereby consolidated into one ward for all purposes required under the Constitution and Laws of the Commonwealth of Pennsylvania, including municipal elections as hereinafter more specifically provided. The number of Commissioners in the single ward created hereby shall be, pursuant to the Pennsylvania First Class Township Code, 53 P.S. § 55505 five (5), who shall be elected at-large by the voters of the Township. At the next municipal election after the effective date of this Ordinance, three (3) Township Commissioners shall be elected for terms of four (4) years each, from the first Monday of January next succeeding, to take the place of the Commissions whose terms then expire. At the subsequent municipal election, two (2) Commissioners shall be elected for terms of four (4) years each from the first Monday of January next succeeding, to take the Commissioners whose terms then expire." Ordinance 2015-2 at 2.

Constitution and Municipal Reapportionment Act, and the proper function of government in Swatara Township.

Ordinance 2016-7 at 2. The Board did not seek judicial review before passing Ordinance 2016-7.

Commissioner Jeffrey Varner and Township residents Lisa Robinson and Michael Hossler (collectively, appellees) filed an application for special relief in the Dauphin County Court of Common Pleas, including requests for injunctive and declaratory relief. Specifically, appellees sought a ruling that Ordinance 2016-7 was void *ab initio* because the Board failed to seek judicial approval of the change from an at-large system to a by-ward system, and that such approval was required by Section 401 of the First Class Township Code (the Code), entitled "Creation, division and redivision of wards":

> The court of quarter sessions, upon petition, may divide or redivide any township, heretofore or hereafter created, into wards, erect any wards out of two or more adjoining wards, or parts thereof, consolidate two or more wards into one ward, divide any wards already erected into two or more wards, or alter the lines or boundaries of any two or more adjoining wards, and may cause lines or boundaries of wards to be fixed and established. No township shall be divided or redivided into more than fifteen wards.

> No ward shall be created containing less than three hundred registered electors therein, and all wards which now, or at any time hereafter shall, contain less than three hundred and fifty registered electors therein may in the discretion of the court be abolished, and if so abolished, the territory thereof shall be distributed among the remaining wards in such manner as the court of quarter sessions shall direct. All other wards as heretofore established shall remain as heretofore until altered or divided as provided in this article:

> Provided, That if, in townships wherein any ward shall be abolished as herein provided, the number of wards shall be reduced to less than five, then the commissioner in the ward or wards abolished shall continue in office for the term for which elected, and shall become a commissioner or commissioners at large from such township as provided in this act, with respect to townships having less than five wards.

53 P.S. § 55401.

The Board filed an answer with new matter claiming Ordinance 2016-7 was properly enacted under Article IX, Section 11 of the Pennsylvania Constitution, entitled "Local Reapportionment," and the Municipal Reapportionment Act (the Act), 53 Pa.C.S. §§901-908, both of which relate to municipal reapportionment.[3] The Board also claimed Section 401 of the Code did not apply to reapportionment of the Township, which was the purpose of Ordinance 2016-7. Appellees filed an answer to the Board's new matter, asserting Ordinance 2015-2 created a governing body elected entirely at large, as evidenced by the language of Ordinance 2016-7 which acknowledged Swatara Township was an "existing one-ward, at large system," and as such, Ordinance 2016-7 did not involve reapportionment.

---

[3] Article IX, Section 11 of the Pennsylvania Constitution provides:

> Within a year following that in which the Federal decennial census is officially reported as required by Federal law, and at such other times as the governing body of any municipality shall deem necessary, each municipality having a governing body not entirely elected at large shall be reapportioned, by its governing body or as shall otherwise be provided by uniform law, into districts which shall be composed of compact and contiguous territory as nearly equal in population as practicable, for the purpose of describing the districts for those not elected at large.

The Act provides, in pertinent part, as follows:

> § 903. Reapportionment by governing body

> **(a) General rule**. Within the year following that in which the Federal census, decennial or special, is officially and finally reported and at such other times as the governing body deems necessary, each entity having a governing body not entirely elected at large shall be reapportioned into districts by its governing body. The governing body shall number the districts.

53 Pa.C.S. §903

After conducting hearings, the common pleas court held Ordinance 2016-7 violated Section 401 of the Code and was therefore void. Order and Opinion dated 1/6/17.[4] The court determined the Board's reliance on the Act and the Pennsylvania Constitution when it passed Ordinance 2016-7 in July 2016 was misplaced because its actions at that time were not a "reapportionment" of the Township. Specifically, the court explained Article IX, Section 11 of the Pennsylvania Constitution authorizes an entity like the Board to reapportion a "governing body not entirely elected at large," but this provision refers to the goal of affording "a one voter-one vote balance in the representation on a Board selected by geographical region[,]" and was "clearly never intended for an at large consideration." *Id.* at 5. The court reasoned Ordinance 2016-7 related to the selection of a form of governance, *i.e.*, an at-large or by-ward board of commissioners, and not the "balancing" of voting districts by population. *Id.* at 4. The court concluded that, as of July 2016, the Board was "entirely elected at large" and its attempt to return to the by-ward system was not an act of reapportionment. *Id.* at 6. According to the court, judicial approval was therefore required pursuant to Section 401 of the Code and in the absence of such approval, Ordinance 2016-7 was void *ab initio.* Post-trial relief was denied and the Board filed an appeal.

The Commonwealth Court affirmed. The court confirmed Article IX, Section 11 of the Pennsylvania Constitution and Section 903 of the Act vested reapportionment authority in the local governing body, but rejected the Board's position that Ordinance 2016-7 was an act of reapportionment. Cmwlth Ct. Slip op. dated 3/1/17 at 5-6. The

---

[4] The court filed two opinions, one on January 6, 2017 upon filing its order after the hearings, and one on February 6, 2017, upon denying post-trial relief. Neither opinion is paginated.

Commonwealth Court further rejected the Board's argument that the Act specifically repealed Section 401 of the Code as inconsistent with both the Act and the Pennsylvania Constitution. In holding the Board was required to comply with Section 401 of the Code, the Commonwealth Court relied on *In re Butler Twp.*, 264 A.2d 676 (Pa. 1970), for the proposition the Act repealed only those provisions of the Code that were inconsistent with the Act or the Pennsylvania Constitution. *Id.* at 7-8, *citing Butler Twp.*, 264 A.2d at 678-79 ("we see no inherent incompatibility between the reapportionment by the governing body of a municipality provided by the Constitution and reapportionment through court-ordered ward realignments permitted by the First Class Township Code").[5]

The Commonwealth Court opined restructuring the wards within a municipality as provided in Section 401 of the Code can be desirable for a number of reasons other than reapportionment, and that Section 401 was therefore not inconsistent with the constitutional and statutory provisions related to reapportionment. The Commonwealth Court agreed with the trial court Ordinance 2016-7 did not effect a reapportionment,

---

[5] In *Butler Twp.*, the common pleas court — after petition by residents to create a new ward within Butler Township, and an alternate recommendation by an appointed commission to consolidate Butler Township into a single ward with five commissioners, elected at-large — adopted the commission's recommendation and ordered the six existing wards be consolidated into one ward with five commissioners elected at-large. 264 A.2d at 676-77. The Township challenged the court's authority in making its order on multiple grounds, including a challenge under Article IX, Section 11 of the Pennsylvania Constitution, claiming the court acted in contravention of the constitutional mandate regarding local reapportionment. *Id.*at 677. This Court upheld the consolidation over Butler Township's challenges, including the constitutional challenge, holding Section 401 of the Code authorized the action, which was not a reapportionment contemplated by Article IX, Section 11, and noting "in a strict and technical sense the lower court, in consolidating wards, did not reapportion the Township, but rendered reapportionment unnecessary in the single ward of which the Township is now comprised." *Id.* at 679. The decision in *Butler Twp.* predated enactment of Section 903 of the Act.

noting reapportionment pertains to the process by which a governing body ensures each voter has an equal voting right. *Id.* at 6, 9. As the Board was "entirely elected at large" when it passed Ordinance 2016-7, due to its earlier change of systems through Ordinance 2015-2, the Board was not reapportioning the Township but rather attempting to change the form of government from an at-large system back to a by-ward system. Thus, according to the Commonwealth Court, the Board was required under Section 401 of the Code to obtain judicial approval of the reversion to a by-ward system, and Ordinance 2016-7 was void *ab initio* for failure to obtain that approval. *Id.* at 9.

The Board filed a petition for allowance of appeal in this Court and we granted review of the following issues:

> 1. Whether the Commonwealth Court committed an error of law in concluding that the First Class Township Code required Swatara Township to seek judicial approval of its by-ward reapportionment effort despite the applicability of the Municipal Reapportionment Act and Article IX, Section 11 of the Pennsylvania Constitution, and the legislative authority afforded to Pennsylvania municipalities to conduct reapportionment[?]
>
> 2. Whether the Commonwealth Court committed an error of law by interpreting the phrase "not entirely elected at large" contained in the Pennsylvania Constitution and Municipal Reapportionment Act in a manner violating the rules of statutory construction[?]

*Varner v. Swatara Twp. Bd. of Commissioners*, 170 A.3d 1040, 1040-41 (Pa. 2017) (*per curiam*). These inquiries involve statutory interpretation and are thus pure questions of law which are subject to a *de novo* standard of review where our scope of review is plenary. *See, e.g.*, *St. Elizabeth's Child Care Ctr. v. Dep't of Pub. Welfare*, 963 A.2d 1274, 1276 (Pa. 2009).

With regard to the first issue presented, the Board claims the lower courts erred in determining judicial approval was required before changing the at-large governance

system back to a by-ward system. The Board maintains it had the power under Article IX, Section 11 of the Pennsylvania Constitution and the Act to make this change without judicial oversight. The Board claims the Commonwealth Court created a new rule which permits the judiciary to intrude into the legislative process, which is the province of municipal governing bodies. *See* Appellant's Brief at 10-12, *citing In re Lower Merion Twp.*, 257 A.2d 264, 265 (Pa. Super. 1969) ("It is the clear intent of the Constitution that reapportionment be a legislative function and that judicial action should only take place in the event of inordinate delays"); *Bd. of Comm'rs, Springfield Twp. v. Kahn*, 320 A.2d 372, 376 (Pa. Cmwlth. 1974).

The Board argues the directive in Article IX, Section 11 of the Pennsylvania Constitution regarding reapportionment was codified in the Act, specifically Section 903, which provides reapportionment is to be completed by a governing body not entirely elected at large, and includes the requirement for the composition of districts. The Board further asserts when the General Assembly passed the Act, it repealed any inconsistent Code provisions, such as Section 401 relating to judicial authority to divide, redivide, create, consolidate or eliminate wards of a township. The Board insists this case involves reapportionment, and under the express terms of the Act, the judiciary's role in municipal reapportionment is limited, coming into play only when the governing body refuses to reapportion its population when required, which did not occur here. The Board thus claims "[a]ny requirements of reapportionment under the First Class Township Code under these circumstances have been repealed and/or superseded by the [Act]." Appellant's Brief at 16. Although the Board concedes there is no appellate court precedent regarding judicial review when a municipality seeks to re-divide or create

additional wards, as opposed to abolishing all wards, it nevertheless seeks reversal because "it is clear that the court below erred in continuing to apply Section 401 of the First Class Township Code to the Board, a governing body not entirely elected at large, thereby engaging in reapportionment by judicial act." *Id.* at 18.

The Board additionally challenges the Commonwealth Court's reliance on *Butler Twp.* to support its ruling the Code was not superseded by the Act. The Board first notes this case is factually distinguishable from *Butler Twp.*, which involved judicial action consolidating a township into a single ward prompted by a petition from residents seeking to create an additional ward. The Board notes this appeal involves the question of the validity of an ordinance adopted under the Act, rather than the validity of a court proceeding filed pursuant to the Code. The Board further submits language in *Butler Twp.* that Section 401 of the Code is compatible with Article IX, Section 11 of the Pennsylvania Constitution is mere *dicta* because the case predated the Act and did not apply Article IX, Section 11, which was not yet effective.

With regard to the second issue on appeal, the Board argues the lower courts erred in determining it was "elected entirely at large" as of the passage of Ordinance 2016-7. The Board notes Section 903 of the Act and Article IX, Section 11 of the Pennsylvania Constitution both refer to governing bodies "not entirely elected at large," but neither provision defines the phrase. According to the Board, such undefined terms should be "construed . . . according to their common and approved usage[.]" *Id.* at 31, *quoting* 1 Pa.C.S. § 1903. The Board notes at the time it enacted Ordinance 2016-7, it had four commissioners elected by ward and three commissioners elected at large to represent the whole Township, as a single ward. The Board concludes its governing

body was at that time "not entirely elected at large" and, as such, Article IX, Section 11 of the Pennsylvania Constitution and Section 903 of the Act authorized their actions. Id. at 32. The Board claims the lower courts' characterization of Ordinance 2016-7 as a change in government effected a "judicially legislated" exception to their constitutional and statutory authority, and improperly allowed reapportionment to become a judicial function. Id. at 33.

In response, appellees argue the Commonwealth Court correctly determined this case does not involve reapportionment and thus Article IX, Section 11 of the Pennsylvania Constitution and Section 903 of the Act are inapplicable. Appellees refer to the definition of reapportionment in Butler Twp.: "to establish 'districts which shall be composed of compact and contiguous territory as nearly equal in population as practicable, for the purpose of describing the districts for those not elected at-large.'" Appellees' Brief at 16, quoting Butler Twp., 264 A.2d at 679 n.5. Appellees also rely on Black's Law Dictionary, which defines reapportionment as the "[r]ealignment of a legislative district's boundaries to reflect changes in population and ensure proportionate representation by elected officials." Black's Law Dictionary (10th ed. 2014). Considering these definitions, appellees note at the time Ordinance 2016-7 was passed by the Board, there was only one "ward" which encompassed the entire Township, and thus "reapportionment" could not possibly occur. Appellees' Brief at 16-17. Appellees argue that, when viewed this way, the Code, the Pennsylvania Constitution and the Act co-exist and complement each other, and this interplay prevents townships from moving improperly between by-ward and at-large systems at the whim of commissioners during any given election cycle, and possibly disenfranchising voters.

With regard to the second question presented, appellees argue because the Board was not engaged in a reapportionment effort when it purported to enact Ordinance 2016-7, the term "not entirely elected at large" as found in the Pennsylvania Constitution and Section 903 of the Act, is not applicable here. Appellees emphasize that the Act provides no guidance on the topic of consolidating a township into a single ward, while Section 401 of the Code is directly applicable to this situation. According to appellees, the language regarding a body "not entirely elected at large" is relevant only where the Board was actually engaged in reapportionment, as it is only under those circumstances that wards exist. *Id.* at 27. Appellees submit that where only one ward exists, the phrase has no import.

Appellees further argue the Board's position it is "not entirely elected at large" because there remain four commissioners originally elected by ward would lead to absurd results, and its interpretation is therefore incorrect. *See id.* at 28, *citing* 1 Pa.C.S. § 1922(1) (General Assembly does not intend result that is absurd, impossible of execution or unreasonable). Appellees submit the phrase "not entirely elected at large" defines only what type of township exists — one governed by commissioners serving "by ward" or one governed by commissioners serving "at large" — and pursuant to Ordinance 2015-2, Swatara Township had an "at-large" system of governance when the Board purported to pass Ordinance 2016-7. *See id.* at 29. Thus, according to appellees, the Code provision requiring judicial approval applies, and the Commonwealth Court decision should be affirmed.

At the outset, we acknowledge Article IX, Section 11 of the Pennsylvania Constitution, when adopted in 1968, expressly placed the duty of local reapportionment

in the hands of the local governing body. PA. CONST. art. IX, §11 ("Within the year following that in which the Federal decennial census is officially reported as required by Federal law, and at such other times as the governing body of any municipality shall deem necessary, each municipality having a governing body not entirely elected at large shall be reapportioned, by its governing body or as shall otherwise be provided by uniform law, into districts which shall be composed of compact and contiguous territory as nearly equal in population as practicable, for the purpose of describing the districts for those not elected at large."); see also Lower Merion, 257 A.2d at 265 ("It is the clear intent of the Constitution that reapportionment be a legislative function and that judicial action should only take place in the event of inordinate delays."). Moreover, in 1974, the General Assembly vested related reapportionment power in municipalities through Section 903(a) of the Act: "Within the year following that in which the Federal census, decennial or special, is officially and finally reported and at such other times as the governing body deems necessary, each entity having a governing body not entirely elected at large shall be reapportioned into districts by its governing body. The governing body shall number the districts." 53 Pa.C.S. §903. In arguing its authority to act without judicial approval arises from these provisions of the Pennsylvania Constitution and the Act, the Board asserts the Act superseded Section 401 of the Code, which expressly authorizes judicial action in the event of "creation, division, and redivision of wards." 53 P.S. §55401. We reject the Board's reading of these three provisions.

In *Butler Twp.,* this Court held Section 401 of the Code relating to creation, division and redivision of wards was not automatically repealed when Article IX, Section

11 was adopted in 1968. 264 A.2d at 678. Further, the Court expressly recognized "[t]he restructuring of wards within a municipality, as provided by Section 401, can be desirable and feasible for a number of reasons other than to accomplish reapportionment." *Id.* at 678-79.[6] Although Section 903 of the Act, promulgated to implement Article IX, Section 11 of the Pennsylvania Constitution, repealed certain provisions of the Code, it did so only to the extent the provisions were inconsistent with the Act. *In re Petition to Abolish Wards Hanover Twp.*, 405 A.2d 586, 587 (Pa. Cmwlth. 1979). It is clear the entire Code was not repealed outright, and we must therefore determine whether the Board's July 2016 action implicates Section 903 of the Act (and art. IX, section 11 of the Pennsylvania Constitution) or Section 401 of the Code.

Whether the Code or the Act applies to the Board's enactment of Ordinance 2016-7 is a question of statutory construction. "The objective of interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." *Koken v. Reliance Ins. Co.*, 893 A.2d 70, 80 (Pa. 2006). The plain language of the Act specifically applies to reapportionment of municipal governmental bodies occurring, *inter alia*, in response to a census. 53 Pa.C.S. §903(a) ("Within the year following that in which the Federal census, decennial or special, … and at such other times as the

---

[6] The *Butler Twp.* Court also questioned whether Article IX, Section 11 of the Pennsylvania Constitution was germane to the controversy before it for the following reasons: (1) Article IX, Section 11 became effective while the case was pending before the lower courts and should not operate retrospectively; and (2) the consolidation of a township into a single ward technically does not constitute reapportionment provided in Article IX, Section 11, but rather renders reapportionment unnecessary. 264 A.2d at 679. Such observations, however, were additional grounds to support the Court's decision, and do not undermine the operative language holding Section 401 of the Code acts in concert with Article IX, Section 11, in matters where reasons exist for restructuring wards within a municipality outside of reapportionment. *Id.* at 678.

governing body deems necessary, each entity having a governing body not entirely elected at large shall be reapportioned into districts by its governing body….").  Article IX, Section 11 expressly ties reapportionment to the goal of creating compact, contiguous, and equipopulous districts.  *See* PA. CONST. art. IX, §11 ("each municipality having a governing body not entirely elected at large shall be reapportioned . . . into districts which shall be composed of compact and contiguous territory as nearly equal in population as practicable, for the purpose of describing the districts for those not elected at large").

By contrast, Section 401 of the Code provides the court ". . . may divide or redivide any township . . . into wards, erect any wards out of two or more adjoining wards, or parts thereof, consolidate two or more wards into one ward, divide any wards already erected into two or more wards, or alter the lines or boundaries of any two or more adjoining wards[.]"  53 P.S. §55401.  In these circumstances — which  clearly lie outside the reapportionment framework described in Article IX, Section 11 of the Pennsylvania Constitution and Section 903 of the Act — the Code contemplates judicial review and approval of changes to the governance system of municipal bodies.  The Board's contention that this review is contemplated **only** when the municipality has failed to reapportion the municipality in a timely manner following the census is contrary to the plain terms of Section 401, which patently envisions judicial involvement in several other situations, including creation, division or redivision of wards unrelated to census-driven reapportionment.

As the Act did not repeal the Code *in toto*, and the two enactments are not inherently incompatible, our discussion turns to which legislative provision applies to this case.  If the Act governs, the Board was within its authority to pass Ordinance 2016-7 in

order to reconfigure the at-large system enacted by Ordinance 2015-2 back to a by-ward system without judicial approval.  However, if Section 401 of the Code is the operative legislation, the Board's failure to obtain judicial approval renders Ordinance 2016-7 void.  Our specific inquiry is whether the transformation of Swatara Township from an at-large system of governance with one ward to a by-ward system of governance with nine wards was a "reapportionment" contemplated under the Pennsylvania Constitution and the Act, or a "creation, division or redivision of wards" contemplated by the Code.

The term "reapportionment" is not defined in the Act.  However, in *Butler Twp.* this Court recognized the term as utilized in the Pennsylvania Constitution refers to the requirement that wards or "districts shall be composed of compact and contiguous territory as nearly equal in population as practicable, for the purpose of describing the districts for those not elected at large."  *Butler Twp.*, 264 A.2d at 679, n.5, *quoting* PA. CONST. art. IX, §11. Moreover, Pennsylvania courts have noted several common factors exist in reapportionment matters where Section 903 of the Act applies: (1) the existence of a municipal body divided into wards at the outset; (2) the determination there is an unequal distribution of population within those wards following a census; and (3) an act by the municipality's governing body to redistribute population within the wards and adjust boundaries for the purpose of creating compact and contiguous districts as nearly equal in population as possible.  *See, e.g., In re Mun. Reapportionment of Twp. of Haverford*, 873 A.2d 821, 824-25 (Pa. Cmwlth. 2005) (*en banc*) (discussing reapportionment of Township of Haverford to redistribute population among nine wards for purposes of equal population under Section 903 of the Act); *In re Ross Twp. Election*

*Dist. Reapportionment*, 489 A.2d 297, 299-300 (Pa. Cmwlth. 1985) (discussing need for reapportionment to either maintain nine wards, or reapportion from nine to seven wards).

When it passed Ordinance 2015-2, the Board stated "the existing nine wards of the Township as currently aligned contain a disparity in population sufficient to warrant realignment." Ordinance 2015-2 at 1. Notwithstanding its use of this language, the Board did not actually engage in a reapportionment of the Township to balance the population of the nine existing wards, but instead consolidated the Township into one ward with five commissioners to be elected at large.[7] *Id.* at 2. *See Butler Twp.*, 264 A.2d at 679 (when township is consolidated into single ward with commissioners elected at large, there is no "reapportionment" because purpose of reapportionment — to accomplish compliance with the one man-one vote principle — is rendered unnecessary in at-large election). Then, when the Board passed Ordinance 2016-7, it attempted to return from the previously enacted one-ward/at-large system back to a nine-ward/by-ward system. The Board was not acting to rebalance population within the districts pursuant to a "reapportionment" as envisioned by Section 903 of the Act, but was instead restructuring the form of government for Swatara Township. Indeed, the Board had completely eliminated the wards via Ordinance 2015-2, and thus no wards existed in 2016 that might require adjustment for purposes of equalizing population within them.

---

[7] We recognize Ordinance 2015-2 was passed after residents of Swatara Township petitioned the Dauphin County Court of Common Pleas pursuant to Section 904 of the Act to reapportion Swatara Township, apparently as a result of the Board's failure to reapportion the Township within a year after the census. It is clear, however, that the Board opted not to "reapportion" the nine existing wards in response to the petition, but instead created one single ward with five at-large Commissioners. The parties do not challenge Ordinance 2015-2 in this appeal.

Accordingly, with respect to the first question presented, we hold the Board's action in passing Ordinance 2016-7 was not a reapportionment governed by Article IX, Section 11 of the Pennsylvania Constitution and the Act. Instead, Ordinance 2016-7 was an attempt to "create" new wards or "divide" the one ward previously enacted by Ordinance 2015-2, and as such, the Board's July 2016 action is governed by Section 401 of the Code.

Our conclusion is further supported by our consideration of the second question presented. As stated, the Board claims it had the authority to enact Ordinance 2016-7 because Swatara Township was at that time a township "not entirely elected at large," and the Pennsylvania Constitution and the Act provide authority to reapportion into districts a governing body which is "not entirely elected at large." PA. CONST. art. IX, §11; 53 Pa.C.S. §903(a). According to the Board, when Ordinance 2016-7 was passed, it had three Commissioners elected at large in 2015 under Ordinance 2015-2, and four Commissioners who were previously elected by ward before the passage of Ordinance 2015-2, and who were awaiting the expiration of their terms. The Board claims it was therefore "not entirely elected at large," and consequently, it possessed the authority to "reapportion" Swatara Township without judicial approval. The Board's argument fails.

Section 401 of the Code speaks specifically to this situation and provides when wards are abolished, and the number of wards is reduced to less than five, "the commissioner in the ward or wards abolished shall continue in office for the term for which elected, and shall become a commissioner at large from such township as provided in this act[.]" 53 P.S. §55401. It is self-evident that when the Board abolished the wards and adopted an at-large system through Ordinance 2015-2, the

commissioners whose terms continued became commissioners elected at large, and in fact, after the November 2015 election, the Swatara Township Board of Commissioners consisted entirely of at-large members. The Board's contrary interpretation of the relevant provisions would lead to an absurd and unreasonable result, which we must avoid. 1 Pa.C.S. §1922(1); *see also Holland v. Marcy*, 883 A.2d 449, 455-56 (Pa. 2005) (in performing statutory interpretation, this Court should avoid construing statute in way that would lead to absurd result).

Moreover, the Board's interpretation would lead in some instances to actual disenfranchisement of Township residents. For example, in the Township's purported return to the by-ward system envisioned in Ordinance 2016-7, the three commissioners who were elected at large in November 2015 were assigned a ward in which they would finish out their terms (specifically, the newly created First, Fifth, and Ninth Wards). Ordinance 2016-7 at 2. Consequently, residents who voted for Commissioners Varner, Troxell and Bouder as their at-large representatives would no longer have their chosen representative. Similarly, were we to agree with the Board and hold the four original by-ward commissioners remained commissioners by ward, then the residents of the four wards where those commissioners reside would have those dedicated representatives, in addition to the three newly-elected at-large commissioners. But, at the same time, the residents in the five wards whose previously dedicated commissioners had been replaced by the three at-large commissioners would have less representation than their neighbors with a dedicated ward commissioner. The General Assembly could not have intended this imbalance of representation. We hold it is eminently more reasonable to

consider the Board as "entirely at-large" after the passage of Ordinance 2015-2, as specifically directed by Section 401 of the Code.[8]

Accordingly, we affirm the Commonwealth Court's decision holding Ordinance 2016-7 to be void *ab initio.*

Chief Justice Saylor and Justices Baer, Todd, Donohue, Wecht and Mundy join the opinion.

---

[8] We also find Section 504 of the Code to be instructive. Section 504 provides: "In townships having less than five wards, the number of commissioners shall be five. One such commissioner shall be elected from each ward, and the remaining number of commissioners, to which the township is entitled, shall be elected at large. Commissioners shall reside in the ward from which elected . . ." 53 P.S. §55504. Accordingly, a township with three wards will have three commissioners elected by ward, who are required to reside in the ward which they represent, and the remaining two commissioners will be elected at large, and represent the entire township; in a township where three commissioners are elected by ward and two are elected at large, the commissioners are plainly "not entirely elected at large." The term "not entirely elected at large," as used in Article IX, Section 11, thus describes townships with a system of governance containing both by-ward and at-large commissioners pursuant to Section 504 of the Code. That is unmistakably not the case in Swatara Township, where **all** commissioners were serving the Township by ward prior to Ordinance 2015-2, and then **all** commissioners were serving the Township at large after Ordinance 2015-2. Moreover, there is distinct language elsewhere in Article IX, Section 11, which provides when a governing body reapportions the districts, such reapportionment is completed "for those [districts] **not elected at large**," *i.e.* to delineate the boundaries of the districts where representatives serve the municipality by ward. PA. CONST. art. IX, § 11 (emphasis added). It is noteworthy that this latter part of Article IX, Section 11 does not contain the word "entirely" because it contemplates application during reapportionment in townships with both by-ward and at-large commissioners, and then limits its application to those representatives elected, not at large, but by ward. It follows that the term "**not entirely elected at large**" as used in Section 11 is meant to apply only to those townships which, by design under Section 504 of the Code, contain commissioners elected both by ward and at large.